LAHAY v. CITY NATIONAL BANK OF DENVER.

15   339
8a   231
15   339
e33   34
15   339
f36   58

1. ACTION FOR DAMAGES OCCASIONED BY FALSE REPRESENTATIONS.— A bank which ignorantly pays money to the holder of an instrument upon the faith of a third person's statement that he knows the holder to be the payee, and is afterwards compelled to pay the amount to the true payee, may recover the sum from the third person in an action for damages occasioned by the deceit..
2. STATUTE OF FRAUDS — ORAL STATEMENTS.— The statute of frauds and perjuries cannot be invoked in behalf of the defendant in such case.   His liability does not grow out of any special promise to answer for the debt, default or miscarriage of another, nor upon any agreement required to be in writing.
3. FALSE REPRESENTATIONS — WHEN PARTY CHARGEABLE WITH INJURY RESULTING THEREFROM.— Where a party positively assures another that a certain statement is true, professing at the time to

speak of his own knowledge about a matter not known to the party to whom the representations are made, he cannot be allowed to complain because such party has placed too much reliance upon the truth of what he himself has stated. The making of such statements to the depositary of a sum of money concerning the identity of one claiming to be the owner of the fund, for the purpose of inducing the former to pay it over to the claimant, which are relied upon, and the money paid, whereby damage results to the depositary, constitutes a complete cause of action against the party making the false representations.

*Appeal from Superior Court of Denver.*

THIS cause of action arose in consequence of the payment of money to the wrong person upon the following written instrument: "First National Bank of Chicago. Chicago, 7, 3, 1885. City Nat'l Bank, Denver, Colo.: Your account has credit for six hundred dollars, deposited by J. Phillipe, for use of John Phillipe. Confirmation of above will be given in our advice of this date. $600. J. CHAPMAN, Teller." It is alleged in the complaint that this instrument came into the possession of one Paul D'Armenthal, who applied to appellee for the payment of the sum mentioned therein, representing that he was the payee, John Phillipe, and indorsed thereon the name of said John Phillipe, representing said indorsement to be his own name and signature. That both John Phillipe and Paul D'Armenthal were then wholly unknown to appellee and to its officers and employees, and the signature and handwriting of the said D'Armenthal was likewise unknown. That appellee refused to pay the amount called for by said certificate to the said D'Armenthal until he should be identified as and shown to be John Phillipe. That appellant, in whom appellee reposed special trust and confidence, appeared at the banking-house of appellee in said city of Denver, and identified the said D'Armenthal as John Phillipe; and appellant, well knowing the premises, and well knowing appellee's ignorance as aforesaid, and that appellee would not pay over to the said D'Armenthal the sum of money mentioned in said certifi-

cate, and for the purpose of enabling the said D'Armenthal to obtain from appellee the said sum of money, and to induce appellee to pay the same, thereupon falsely identified the said D'Armenthal as John Phillipe, and then and there stated to appellee that he knew the said D'Armenthal to be John Phillipe as of his own knowledge, when in truth and in fact said statement was false, and the said D'Armenthal was not John Phillipe, and said appellant had no knowledge that said person was John Phillipe; but appellee, being ignorant as aforesaid, and relying solely upon the identification and statement of said appellant, then and there paid over to said D'Armenthal the full sum of $600 called for by said certificate.   That on the 10th day of August, 1885, the said John Phillipe, the party for whom such certificate was in fact intended, and who was entitled to said money, instituted in the superior court of Denver his action against appellee to recover said sum of money in said certificate mentioned, and on said date appellee gave notice in writing to appellant of the pendency of said suit.   That thereafter judgment in said suit was entered in favor of the plaintiff therein, and against appellee, for the sum of $620, and for costs, amounting to $16.35, which appellee paid and satisfied in full.   And appellee further avers that it was compelled to have counsel and attorneys to defend said action, whose services were reasonably worth the sum of $75, and demands judgment against appellant for said sum and costs.

The answer of the appellant is a specific denial of each allegation contained in the complaint.   Upon these pleadings the cause was tried to the court without a jury; the trial resulting in findings and judgment against appellant for the sum of $764.30 and costs.

Messrs. ROGERS & WEBBER and C. W. McCORD, for appellant.

Messrs. BENEDICT & PHELPS, for appellee.

Mr. Justice Hayt delivered the opinion of the court.

The allegations of the complaint are established by a large preponderance of the evidence introduced at the trial. In addition to this, we have the findings of the trial court in support thereof. The only question to be considered upon this appeal, therefore, is, are the facts as pleaded sufficient, under the law, to give appellee a right of recovery as against appellant?

The action is founded upon the deceit practiced upon appellee by appellant, by means of which appellee was induced to pay the amount of the certificate to D'Armenthal, who had no claim to the money, instead of to John Phillipe, who alone was entitled to receive the same. Counsel contend, however, that appellant is not liable on account of his false statement, because he is not shown to have had knowledge of its falsity at the time of making the same. The question thus presented was before the court, and carefully considered, in an early case. See *Sellar v. Clelland*, 2 Colo. 532. It was then held that the intention of one party to deceive and defraud another was sufficiently made out by showing that a false affirmation had in fact been made by the party, concerning a matter about which he had no actual knowledge, under circumstances showing that the matter spoken about was better known to the party making the representations than to the other party. And to the general rule requiring a party relying upon false representations to show not only that they were false, but that the party making the same knew such to be the case, some exceptions were pointed out; as when one, as in this case, positively assures another that a certain statement is true, professing at the time to speak of his own knowledge, and about a matter not known to the party to whom the representations are made, he cannot be allowed to complain because another has placed too much reliance upon the truth of what he himself has stated. In the language of the

learned judge writing the opinion in the case of *Sellar v. Clelland, supra:* "In such a case the proof would seem to be complete when it was shown that the defendants made the representations; that they were made to induce plaintiffs to enter into the contract; that, relying upon the same, they did enter into the contract; that the representations were false; that the plaintiffs sustained damage; and that such damage was occasioned by reason of the falsity of such representations."

The statute of frauds and perjuries cannot be invoked in this case to shield appellant. His liability does not grow out of any special promise to answer for the debt, default or miscarriage of another; nor is he sought to be held upon any agreement required to be in writing. Appellant is shown to have stated as of his own knowledge that Paul D'Armenthal was in fact John Phillipe, and that this representation was made for the express purpose of inducing appellee to pay over the money. It is also shown that the bank, relying upon such representation, did pay the money to D'Armenthal, supposing him to be the John Phillipe entitled to receive the same. The representations were in fact false, and damages were sustained thereby. Every element necessary to a recovery under the decision in *Sellar v. Clelland* was here made out. The correctness of the decision in that case is not questioned. It is well supported by authority and must control here. The judgment will accordingly be affirmed.

*Affirmed.*