[No. 4476.]

Connell v. The El Paso Gold Mining and Milling Company.

1. **Fraudulent Representations—Evidence—Intention.**

The general rule is that a misrepresentation to be actionable must be shown not only to be false but also that the party making it knew it to be false; however, when one makes a false representation positively, or professing to speak as of his own knowledge, and the matters falsely represented are peculiarly within the knowledge of the party making them, and are not known to the party to whom they are made, the intentional falsehood is disclosed and the intention to deceive is inferred.

2. **Same—Mining Claims—Location of Discovery Shaft.**

Where the seller of a mining claim exhibited to the purchaser a diagram of the claim which was a copy of the original plat made by the surveyor general and certified by him as correct and filed in the land office with the application for patent, and the plat showed the discovery shaft to be within the boundaries of the claim when in fact it was outside of said boundaries and upon another patented claim, and the seller made no representation or statement of his own knowledge that the discovery shaft was within the boundaries of the claim, and neither party had any personal knowledge as to the location of the shaft, the exhibition of the false plat by the seller did not constitute an actionable fraudulent representation.

3. **Fraudulent Representations — Mutual Mistake — Pleading — Amendment—Variance.**

In an action by the purchaser of a mining claim to recover back from the seller the purchase price, where the sole ground alleged in the complaint for such recovery was that plaintiff was induced to make such purchase by reason of fraudulent representations made by the seller, plaintiff could not recover on the ground of mutual mistake, neither could the complaint be amended to correspond with the proof and set up a cause of action based on mutual mistake.

4. **Same—Appellate Practice.**

In an action by a purchaser of a mining claim against the seller to recover back the purchase price where the only ground alleged in the complaint for such recovery was based upon the fraudulent representations of defendant, and the testimony was confined to the issue of fraud, and judgment was rendered in plaintiff's favor on what the court considered a fraud in law, on appeal the plaintiff will not be heard to say that the judgment should be sustained on the ground of mutual mistake of the parties.

*Appeal from the District Court of El Paso County.*

Messrs. HALL, BABBITT & THAYER and Mr. F. L. SHERWIN, for appellant.

Messrs. GUNNELL, CHINN & MILLER, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

The defendant Connell, who was the record owner of the Gibraltar lode mining claim, sold and conveyed it to the plaintiff gold mining company for the sum of three thousand dollars.  After the sale was thus executed, the plaintiff, learning that the purported discovery shaft of the claim was not within its exterior boundaries, but on a previously patented location, tendered to defendant a reconveyance of the property and demanded the return of the purchase money, which the defendant refused to refund.  Thereupon plaintiff brought this action

charging that defendant falsely and fraudulently represented to it that the mining location was valid, and that its discovery shaft was within its exterior boundaries, and that such representations were false, and that no discovery shaft had been sunk within the limits of the claim but outside thereof, and that at the time of making such representations the defendant knew they were false, and made them with the intent to mislead and deceive the plaintiff; and, believing the same to be true and hence relying thereupon, the plaintiff did purchase the mine and paid the consideration of $3,000 therefor, which it would not have done had it known that the discovery shaft was on a patented lode.

The allegations of fraud were denied, and upon trial by the court without a jury the court made findings of fact, from evidence which was not at all conflicting, that the defendant was not guilty of any fraud in fact, but was guilty of fraud in law in that, during the negotiations which culminated in the purchase, he exhibited and submitted to plaintiff an incorrect diagram which was a copy of the original patent plat of the claim made by the surveyor general of the United States for the district of Colorado and certified by him as correct and filed in the United States land office with the application for the patent; and while the court specifically found that neither at the time of exhibiting the plat nor at any other time did defendant make any representation whatever concerning the same, save that it was such a copy, and while the finding also was that defendant had no knowledge of the falsity of the map, yet since, as a matter of fact, it was incorrect in the particular noted, defendant became thereby responsible for its falsity, and so, in law, was guilty of fraud.

Both parties to the negotiations apparently

believed that the plat was correct, and the findings as well as the proofs, are that plaintiff would not have bought the claim had it not supposed it contained a valid discovery shaft. In short, the court, while expressly finding that the defendant was not guilty of fraud in fact, held that the mere fact of his exhibiting to plaintiff a true copy of the original incorrect plat made him responsible for its "falsity," although he made no representation whatever concerning it, and plaintiff knew that such copy, as well as the original, was not made by the defendant, but by a third person. The judgment of the court was for damages against the defendant in favor of the plaintiff in the sum of $3,000, the amount of the purchase price.

1. It is not altogether certain from the allegations of the complaint whether the action was intended by plaintiff to be one sounding in tort for damages for the fraud, or equitable in its character, based upon an anterior rescission of the contract. The most favorable view for the plaintiff that can be taken of this pleading is that it is equitable in its nature, and that plaintiff had rescinded the contract upon discovery of the alleged fraud, and sought to recover the purchase money after tendering back a deed of the claim. In any event, the only cause of action set up in the complaint was based upon fraudulent misrepresentations of the defendant.

It is a settled doctrine of this court, ever since the decision in *Sellar v. Clelland*, 2 Colo. 532, that for a misrepresentation to be actionable the party charging the same must, *inter alia*, show not only that it is false, but that the party making it knew it to be false. This general doctrine, however, is subject to the modification that "when one has made a representation positively, or professing to speak as of his own knowledge on the subject, the

intentional falsehood is disclosed, and the intention to deceive is also inferred, or at all events, this is so when the matters falsely represented are peculiarly within the knowledge of the party making them, and are not known to the party to whom they are made." This doctrine is also announced in *Wheeler v. Dunn,* 13 Colo. 428, and *Lahay v. City Nat. Bank,* 15 Colo. 339.

A careful examination of the record in this case discloses that the defendant made no representation whatever as to the location of the discovery shaft of his mine. He merely exhibited to plaintiff a copy of an inaccurate map which had been made by the surveyor general, from which it appeared that the discovery shaft was situate within, instead of beyond, its exterior boundaries. There was no representation by defendant that, of his own knowledge, he knew that the shaft was properly located. Indeed, what defendant produced before plaintiff, showed on its face that the original map of which the diagram was professedly a copy, was made by another, and not by him. It also appears that defendant did not speak of his own knowledge upon the subject; and the record is uncontradicted that neither plaintiff nor defendant had any personal knowledge upon the subject at all, and the facts concerning the location of the shaft were as much within the knowledge of one as the other.

Under the foregoing rule the allegation of false representation was not established, and plaintiff was not entitled to recover upon the cause of action stated in its complaint. The court was in error in holding that the mere exhibition by defendant of a copy of a plat which incorrectly showed the location of the shaft was, in law, a positive representation upon his part that the shaft was within the exterior boundaries

of the claim, or that he professed to speak of his own knowledge with respect thereto.

2. Apparently perceiving the insufficiency of the evidence to establish the cause of action which the complaint stated, plaintiff in its brief here claims that, even if the proof is defective in that particular, nevertheless, the judgment should not be disturbed because it shows that the sale was made and the purchase price paid under the mutual mistake of the parties to the contract. The case was tried entirely upon the theory of fraud as the cause of action, which, indeed, was the only ground of recovery pleaded or suggested below, and hence no testimony was given, and none offered, to show that the contract was executed under a mutual mistake of the contracting parties. It will not do now to say that the judgment should stand because the parties were mutually mistaken. A party must recover, if at all, on the cause of action set up in his pleadings.

Nor is there any weight to be given to plaintiff's contention that here there was, at most, merely a variance between the allegations and the proofs, and that, if objection had seasonably been made by defendant, the same could have been met by amending the complaint to correspond to the proofs. The defect in plaintiff's case is more than a mere variance between proof and pleading. A cause of action based upon fraud is entirely different and distinct from one grounded upon mutual mistake, and even if it be conceded here that the proofs show a mutual mistake, it would have been improper for the court, against defendant's objection, even had the request been made, to permit the plaintiff to add by way of amendment a new cause of action based upon mistake. Therefore, had such request by plaintiff been made, the defendant's objection thereto would have rendered the request futile.—*Givens v. Wheeler*, 5 Colo.

598; *Ibid,* 6 Colo. 149; *Anthony v. Slayden,* 27 Colo. 144.

Nor has the defendant waived the objection. The first time that the suggestion has been made, so far as the record shows, that the case as made shows a mutual mistake, was in plaintiff's brief in this court. This is not a case, therefore, where defendant permits evidence to be introduced in support of a different cause of action from that stated in the complaint, and then, for the first time, after verdict or judgment, interposes objection upon the ground of variance. The testimony was confined exclusively to the issue of fraud, and there was not a bit of testimony directed to an allegation that a mistake had been made by either, or both, of the parties. Neither was there any finding of a mistake. In these particulars the case in hand materially differs from *Belknap v. Sealey,* 14 N. Y. 143, on which plaintiff relies. Upon this phase of the case it clearly appears that the defendant for the first time upon the briefs in the supreme court is met with the suggestion that the case as made below is sufficient to sustain a cause of action based upon the mutual mistake of the parties. Certainly, the defendant is in a position to object to a recovery based upon a cause of action new and distinct from that relied upon below, and to which all of the evidence was directed; and plaintiff should not now be heard to say that defendant should have objected below, and not here. There was no occasion—indeed, no opportunity—for the defendant at the trial to interpose such an objection, for, as already said, neither in the evidence brought out at the trial, nor in the findings of the court, was the suggestion made that the recovery was had because of a mutual mistake. Upon the contrary, the finding of the court shows that the judgment was based wholly upon what the

court below considered a fraud in law upon the part of defendant in exhibiting to the plaintiff during the negotiations which led up to the sale, a copy of an incorrect map which had been made by a third party.

It may be that there was a mutual mistake, but with that contention we have at present no concern. It appearing that no fraud in fact or law was committed by defendant, and that being the only cause of action pleaded, the judgment must be reversed and the cause remanded. This disposition of the cause renders unnecessary a discussion of a number of other questions raised here by appellant, and we express no opinion concerning them. The reversal, however, will be without prejudice to the right of plaintiff to institute another action, as it may be advised, for a rescission of the contract on the ground of mutual mistake and a recovery of the purchase money.

*Reversed and remanded.*