[No. 5174.]
[No. 2777 C. A.]

THE COLORADO SPRINGS COMPANY v. WIGHT.

**Fraud—Misrepresentation—Pleading—Sufficiency.**

A complaint, in an action by a vendee against his vendor for damages for misrepresentation as to the width of a street on which the land purchased abutted, which fails to allege that such misrepresentations were made by defendant with knowledge of their falsity, or with intent to have plaintiff act thereon, or with the intent of inducing plaintiff to enter into the contract, is demurrable.—Pp. 181-183.

*Appeal from the District Court of El Paso County.*
*Hon. Louis W. Cunningham, Judge.*

Action by Carrie L. Wight against The Colorado Springs Company, a corporation. From an order overruling a demurrer to the complaint, defendant appeals.    *Reversed and remanded.*

Messrs. LUNT, BROOKS & WILLCOX and Mr. M. B. HURLEY, for appellant.

Mr. H. McGARRY, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This was an action at law to recover damages alleged to have been sustained by plaintiff by reason of misrepresentations made by defendant as to the width of a certain street which bounded on one side two city lots which defendant sold to plaintiff.

The complaint alleged the corporate existence of defendant, its ownership of the lots, the purchase of

the lots by plaintiff through The Davie Realty Company as defendant's agent, and then proceeded:

"That The Davie Realty Company represented to the plaintiff that San Miguel street, bounding said property on the south side thereof, was 100 feet wide throughout its entire extent and where the same adjoins said property, as aforesaid. That such representation was specially authorized by the defendant, and was, in respect to the width of the street, believed and wholly relied upon by the plaintiff, who at the time did not know what the facts were in relation thereto, and the plaintiff was thereby influenced and induced to consummate the purchase of said property and to pay said sum of $2,750 therefor; that said representation is and was untrue, but plaintiff was not aware of the falsity thereof until a long time thereafter and until after she had taken possession of said property and had improved the same by the erection of two dwelling houses thereon of great value."

The complaint then alleged that San Miguel street, where it adjoins the lots, is only fifty feet wide, and that by reason thereof the lots were only worth $1,750, instead of $2,750, the price paid.

A general demurrer was interposed to the complaint, which, having been overruled, defendant answered.

A jury trial resulted in a verdict and judgment for plaintiff, to reverse which is this appeal.

The general demurrer attacked the complaint, upon the ground that it did not allege that the representations made by defendant to plaintiff, upon which she relied and which induced plaintiff to make the purchase, were made by the defendant with knowledge of their falsity, and were made with the intention that they should be acted upon and for the purpose of inducing plaintiff to enter into the contract.

The same proposition, in effect, was presented in

instructions requested by defendant and refused. The rulings upon the demurrer, and the refusal to instruct as requested, are assigned as error.

*Sellar v. Clelland,* 2 Colo. 532, was an action to recover damages sustained by plaintiffs, by reason of certain false representations made by defendants to plaintiffs as to the condition of a certain road or trail over which plaintiffs contracted with defendants to haul certain freight. It was there held (p. 544):

"In regard to representations generally, I conceive it to be necessary for the party relying on the representations to show not only that they are false, but that the party making the same knew them to be false. But when one has made a representation positively, or professing to speak as of his own knowledge on the subject, the intentional falsehood is disclosed, and the intention to deceive is also inferred, or at all events, this is so when the matters falsely represented are peculiarly within the knowledge of the party making them, and are not known to the party to whom they are made. In such a case, the proof would seem to be complete when it was shown that the defendants made the representations; that they were made to induce plaintiffs to enter into the contract; that, relying upon the same, they did enter into the contract; that the representations were false; that the plaintiffs sustained damage, and that such damage was occasioned by reason of the falsity of such representations." (Citing a large number of cases.)

In *Wheeler v. Dunn,* 13 Colo. 428, 436, it was said:

"It is said in Big. F. 466, that a fraudulent misrepresentation is made up of five elements: (1) A false representation; (2) Knowledge by the person who made it of its falsity; (3) Ignorance of its falsity by the person to whom it was made; (4) The intention that it should be acted upon; (5) Act-

ing upon it, with damage. An action at law for damages for deceit requires all these elements. In equity a case may be made without the second, and sometimes without the fifth. Very nearly the same enumeration of the elements going to make up a fraudulent misrepresentation is given in 2 Pom. Eq. Jur. 357.''

Pomeroy lays down this rule (2 Pom. Eq. Jur. 357):

''A misrepresentation, in order to constitute fraud, must contain the following essential elements: (1) Its form as a statement of fact; (2) Its purpose of inducing the other party to act; (3) Its untruth; (4) The knowledge or belief of the party making it; (5) The belief, trust, and reliance of the one to whom it is made; (6) Its materiality.''

The same rule is announced in *Lahay v. City Nat'l Bank,* 15 Colo. 339, and *Connell v. El Paso G. M. & M. Co.,* 33 Colo. 30.

The rule is thus stated in 8 Enc. Pl. & Pr., p. 901:

''As a general rule, false representations not being fraudulent or actionable, unless made with knowledge of their falsity, or stated as the truth when the person has no knowledge on the subject, scienter must be expressly alleged in a declaration or complaint for false representation and deceit, or specific allegations must be used which sufficiently import knowledge.'' (And cases cited.)

The specific allegations referred to in the last above quotation which will import knowledge, upon examination of the cases cited, are found to be allegations to the effect that the defendant falsely and fraudulently represented, etc., it being held that the word ''fraudulently'' includes the scienter.

An examination of that part of the complaint bearing upon this subject, above quoted, which contains the gravamen of the cause of action alleged,

discloses that it is insufficient in not alleging defendant's knowledge of the falsity of the representations made by it to plaintiff, and in not alleging that the representations were made for the purpose of inducing plaintiff to purchase the property; nor are there any allegations found in the complaint which supply these deficiencies.

The cases cited by counsel for appellee, with one exception, are distinguishable from the case at bar.

*Sears v. Hicklin,* 13 Colo. 143, was a suit in equity to cancel and set aside a conveyance of land, upon the ground that defendant, taking advantage of the trust relation which he sustained to plaintiff, perpetrated a fraud upon plaintiff.

*Rimer v. Dugan,* 39 Miss. 477, 77 Am. Dec. 687, was a bill to rescind a contract of sale and exchange of lands, upon the ground that defendant falsely and fraudulently represented his title.

In *City of Tacoma v. Tacoma Light & Water Co.,* 17 Wash. 458, 50 Pac. 55, the complaint alleged that the representations relied upon, and which induced the purchase, were untrue, and were known to be untrue by the defendant company at the time they were made.

The same is true of *Speed v. Hollingsworth,* 54 Kan. 436, 38 Pac. 496.

*Foster v. Kennedy's Admr.,* 38 Ala. 359, 81 Am. Dec. 56, holds contrary to the general rule.

Alabama, Michigan, Nebraska and Texas seem to be the only states which have not adopted the rule adopted in this state, and are opposed to the overwhelming weight of authority upon this proposition.

It appears from the evidence in this case that after plaintiff had discovered that San Miguel street was only fifty feet wide, defendant offered to rescind the contract and pay plaintiff the amount of money which she had paid for the lots, and the cost of im-

provements, with interest; in other words, defendant offered to place plaintiff *in statu quo.* This offer was refused by plaintiff, and this suit instituted.

It is possible that under the allegations of the complaint and the evidence in this record, plaintiff could have maintained a bill in equity for a rescission of the contract, or might have maintained a bill for such purpose on the ground of mutual mistake of the parties. But such a case is not presented by the complaint. Under the allegations of the complaint, the evidence introduced at the trial and the law applicable thereto, as laid down by the authorities above quoted, plaintiff was not entitled to judgment in this action.

The court erred in overruling the demurrer to the complaint, and in refusing to instruct the jury as requested by defendant; for which reasons the judgment must be reversed and the cause remanded to the court below with instructions to allow plaintiff to amend her complaint as she may be advised.

*Reversed and remanded.*

Chief Justice Steele and Mr. Justice Helm concur.