[No. 7661.]

### Kilpatrick v. Miller.

1. Deceit—*Complaint*—The complaint in an action for deceit should allege the false representations attributed to the defendant; that the defendant in making them knew they were false, or gave positive assurance that they were true of his own knowledge; that the representations were made with the intent and purpose to induce plaintiff to act upon them; that plaintiff was ignorant of the falsity of such representations, and believed they were true; that in fact they were untrue, and that plaintiff acted thereon to his injury.

The complaint examined and held to be fatally defective.

2. PLEADING—*Waiver By Pleading Over*—Error in overruling a demurrer to a complaint which fails to state a cause of action is not waived by answer.

*Error to Denver District Court.*—Hon. CARLTON M. BLISS, Judge.

Mr. S. H. THOMPSON, for plaintiff in error.

Mr. S. S. ABBOTT, for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

1. An action was commenced by defendant in error Miller, plaintiff below, to recover from Kilpatrick, damages caused by his alleged false representations regarding an irrigation project on Skull Creek, in what is now Moffat County, near the Utah line.

The complaint alleges that in May, 1909, defendant Kilpatrick represented to the plaintiff, that there was a project involving the irrigation of arable lands in Routt county which, when developed, would water not less than 10,000 acres lying under a proposed reservoir on Skull Creek; that said reservoir with its water shed and a living stream of five cubic feet of water per second, tributary thereto, would irrigate said amount of land; that if plaintiff would advance him $500.00, defendant would make the necessary filing on the reservoir site and water rights with the proper authorities; that acting and relying upon these representations of the defendant, he made and entered into a contract with him, wherein, in consideration of $500.00 in cash, defendant agreed to make a survey, and file on said reservoir site, to transfer a half interest therein to the plaintiff, and also to take plaintiff to the proposed site for an inspection of the same; that the amount of arable and tillable land thereunder was not 10,000 acres, and was not to exceed 2,000 acres which could be cultivated, and there were no ade-

quate water rights nor water sheds, and no living stream as represented by the defendant; that acting upon and believing the representations to be true, plaintiff advanced to and paid defendant $500.00, which he otherwise would not have done; that defendant is, and has been holding himself out to be a civil engineer, thoroughly conversant with water and water rights, and lands tributary and irrigable thereunder, and plaintiff relied upon his statements and supposed knowledge in parting with his money; that defendant in making such representations was guilty of fraud and wilful deceit, and has never been convicted in any criminal proceeding for the same wrong: that the contract was to be performed in the City and County of Denver, where the money was paid, and where all the misrepresentations were made, and fraud committed; that defendant has never prepared and filed the necessary documents and maps with the state engineer, and has never turned over to plaintiff an undivided half interest or any interest in the project contemplated by the contract. Prayer for money judgment and body execution. In answer to a motion to make more specific, plaintiff declared in open court that his action was founded on tort. To the complaint a general demurrer was filed and overruled. Defendant then answered, pleading *inter alia,* that on July 6, 1909, he prepared and filed with the state engineer filings and maps of the Skull creek reservoir site, as in the contract provided; that he also prepared and executed an assignment to plaintiff of an undivided half interest in and to the project; that being in Routt county, he inadvertently failed to turn over this assignment, but that on November 16, 1910 he tendered the same to plaintiff who refused to accept it, and the same is tendered in court with the pleadings; also that he has made, and tenders to plaintiff a quit claim deed of the half interest in addition to the assignment. To this answer a replication was

filed which, among other things, admits the execution of the assignment and deed, but alleges that defendant is estopped from claiming anything on account of the tender, for the reason that he did not immediately, after making the filings in the engineer's office, convey a half interest to the plaintiff as required by the contract, and that any tender made, was not in a reasonable time; also that the offer of the quit claim deed is inadmissible and incompetent because defendant is estopped from making it, for the reason that it never was tendered except in the answer. September 2, 1911, defendant filed a motion for judgment on the pleadings, which was denied, whereupon he declared his intention to stand upon said motion. October 19, 1911, the cause was tried to the court without a jury, the defendant appearing by counsel, and being allowed to cross examine plaintiff's witnesses. The court rendered judgment for plaintiff in the sum of $597.55, and ordered that execution issue against the body of the defendant committing him to jail for one year, and that he would be released upon payment of the judgment.

2. This is in the nature of an action for damages on account of fraud and deceit based upon alleged false representations made by the defendant, which induced plaintiff to enter into a contract with and pay to defendant $500. A complaint in a suit of this kind should plead in positive and precise language, the facts upon which the action is based. Allegations by way of recital, generalizations, legal conclusions and conclusions of the pleader, are not sufficient, and will not be considered in passing upon a general demurrer, where it is only the facts well pleaded that are taken as true. Tested by this rule, a complaint should allege the facts constituting the false representations made by the defendant; that he knew at the time he made them that they were untrue or gave positive assurance that the representations were

true of his own knowledge; that the false representations were made by the defendant with the intention and purpose of inducing the plaintiff to act upon them; that the plaintiff was ignorant of the facts and of the false representations; that he believed at the time the representations were made to him, that they were true; that the representations were untrue, and that plaintiff acted upon them to his damage.

3. The first paragraph regarding the representations alleges that the defendant represented certain things regarding a proposed reservoir or reservoir site, its water shed and the irrigable lands thereunder on Skull Creek in what is now Moffat county. There is no allegation in this paragraph that he falsely represented these things. The next allegation is, that acting and relying upon these representations, plaintiff entered into the contract. The succeeding paragraph alleges that the irrigable lands under the reservoir site which could be cultivated, was not 10,000 acres, and did not exceed 2,000 acres, and the water shed and water supply was not adequate, as represented by the defendant. This is nothing more than a statement that the representations made by the defendant were incorrect, or that he was mistaken. There is no allegation anywhere that defendant falsely made these representations, or that they were false, and that he knew at the time they were made, that they were false, or that they were false, and that he stated at the time that he knew they were true of his own personal knowledge; or that they were falsely made with the intention and purpose of inducing the plaintiff to act upon them. The next paragraph recites that plaintiff would not have entered into the contract and advanced the money except in reliance upon the representations of the defendant. This is a mere recital and not an allegation that he relied upon the representations made at the time by the defendant. The next paragraph

alleges that defendant has been, and is holding himself out to be a civil engineer, thoroughly conversant with water and water rights and land tributary to and irrigable thereunder, and that plaintiff relied upon his statements in parting with his money. This is not an allegation that the defendant in his capacity as a civil engineer, or at all, stated that he was personally conversant with the Skull creek reservoir site, its water shed and the irrigable land thereunder. If by this, it was intended to plead a positive representation by the defendant that he knew these matters of his own personal knowledge, it comes far short of the requirement. The next paragraph contains a statement that the defendant, in making these representations, was guilty of fraud and wilful deceit. This states a legal conclusion and adds nothing to the complaint.

4. The case will be reversed because the complaint does not allege the defendant knew at the time he made the representations that they were false, and does not allege that they were made for the purpose of inducing plaintiff to enter into the contract and advance the money. These allegations are jurisdictional in this kind of an action, and a complaint which omits them, fails to state a cause of action.—*Wheeler v. Dunn,* 13 Colo. 436, 22 Pac. 827; *Lahay v. City Bank,* 15 Colo. 339, 25 Pac. 704, 22 Am. St. Rep. 407; *Connell v. El Paso Company,* 33 Colo. 30, 78 Pac. 677; *Colorado Springs Co. v. Wight,* 44 Colo. 179, 96 Pac. 820, 16 Ann. Cas. 644; *Mayo v. Wahlgreen,* 9 Colo. App. 506, 50 Pac. 40.

The ground in a general demurrer to a complaint, that it fails to state a cause of action, is not waived by answering after the demurrer has been improperly overruled.—*Thalheimer v. Crow,* 13 Colo. 397, 22 Pac. 779; *Horner v. Bramwell,* 23 Colo. 238, 47 Pac. 462.

The court erred in overruling the demurrer to the complaint. The judgment will be reversed, and the cause remanded to the lower court with instructions to allow the parties to amend their pleadings as they may be advised.

*Reversed and remanded.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT concur.