[No. 8961.]

JASPER v. BICKNELL.

1. DECEIT—*False Representations—Right to Rely Upon.* A party to whom a representation of fact is made, to induce action, is not in general, required to investigate, unless standing upon an equal footing with the one making the representation; nor if the investigation must be attended by great difficulty.

·Plaintiff was offered certain lands distant one hundred and seventy-five miles from the place of the transaction, and the land was covered

with snow. *Held*, she was entitled to rely upon defendant's representations as to the improvements, the water right, and state of the cultivation.

2. EVIDENCE—*Admissibility.* Action for deceit in the exchange of certain lands of defendant for a rooming house of plaintiff. Defendant had given evidence in disparagement of the rooming house, its character, reputation, and value. Plaintiff, in rebuttal, was entitled to give evidence to the contrary.

*Error to Jefferson District Court.* Hon. CHARLES C. BUTLER, Judge.

Mr. GEORGE B. CAMPBELL, for plaintiff in error.

Mr. A. D. QUAINTANCE, Mr. J. T. MALEY, for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court.

Amanda Olin Bicknell recovered judgment in damages for fraud and deceit against Henry Jasper, the plaintiff in error. Jasper owned forty acres of land in Crowley County, Colorado, which he exchanged with Mrs. Bicknell for a hotel or rooming house in Denver, the entire transaction taking place in that city. The false and fraudulent representations alleged in the complaint, and relied upon by plaintiff therein, and upon which proof was offered, were that the land was possessed of a good water right which carried sufficient water to irrigate the same, and was irrigated, and had improvements thereon which consisted of fences, barns and stables, and that Jasper had raised cantaloupes and other crops on the land which netted him more than six per cent on $6,000 valuation.

It is claimed that no cause of action is set forth in the complaint, but we do not concur in this view. The complaint was not questioned in the court below, and is amply sufficient to sustain the verdict. This is equally true of the evidence. Jasper claims that in making the

representations he referred to the sources of his information, and that he expressly stated that he had no personal knowledge in relation to the property. This was denied by Mrs. Bicknell, and other witnesses. In any event, what her duty was in the premises depended on many circumstances, and the issues were all submitted to the jury under proper instructions. While it is true that a person, to whom false representations are made, is not entitled to relief for an injury because of them, if he might have ascertained the truth by ordinary care and attention, nevertheless, where the means of knowledge are not easily accessible to the person to whom the representations are made, and are not equally available to both parties, and the subject-matter alike open to their inspection, his failure to do so should not be ascribed to his own negligence. In short, an investigation is not usually required if the parties do not stand on equal footing, or do not have equal means of knowledge or can make an investigation only with great difficulty. Indeed, there is much authority to the effect, that the necessity of investigation may be dispensed with by the sole fact that the property involved is located so far from the place of the transaction that an investigation would entail great expense and inconvenience. 12 R. C. L., § 127. Unquestionably the distance of the property from the place of the transaction is a circumstance to be considered, and when, as here, that distance is approximately one hundred and seventy-five miles, and at the time of the transaction the land was covered with snow, and the plaintiff in error made to the defendant in error distinct and definite false representations, forming the basis of this suit, and without which the transaction would not have been consummated, he will not be permitted to say that she should not have relied thereon,

but investigated for herself. Under such circumstances, his fraud is not palliated by her negligence. She was entitled to rely upon his distinct and definite representations in relation to the matter and was not required, under the facts of this case, to make further inquiry concerning the land.—*Lahay v. City Nat. Bank,* 15 Colo. 339, 25 Pac. 704, 22 Am. St. Rep. 407; *Zang v. Adams,* 23 Colo. 408, 48 Pac. 509, 58 Am. St. Rep. 249; *Groves et al. v. Chase,* 60 Colo. 155, 151 Pac. 913; 12 Ruling Case Law, §§ 126, 130.

Certain evidence was admitted relative to the value of the hotel or rooming house, which is now claimed prejudiced the rights of plaintiff in error. It is sufficient to say that no valid objections were made to the questions when propounded. But, apart from this, plaintiff in error expressly insisted that the value and character of the hotel was in issue, and, over the objection of defendant in error, introduced evidence tending to show that the hotel or rooming house had a bad reputation,—was tenanted by an undesirable class,—and that defendant in error was losing money in conducting the same. Under these circumstances, no reversible error was committed in permitting the defendant in error to place before the jury, in rebuttal, the evidence of which complaint is made. We are of the opinion that there is no merit in any of the assigned errors urged herein. The judgment is, therefore, affirmed.

*Judgment affirmed.*

Mr. JUSTICE HILL and Mr. JUSTICE TELLER concur.

Decided November 6th, A. D. 1916. Rehearing denied January 2nd, A. D. 1917.