## No. 8726.

### Denver & Rio Grande R. R. Co. *v.* Ptolemy.

Decided November 5, 1917.  Rehearing denied January 7, 1918.

Action against a railroad company for personal injuries. Judgment for plaintiff.

### *Reversed.*

1. Release—*Fraud.*  Where a person sustaining personal injuries alleged to have been caused by the negligence of a railroad company, gives a full release and settlement for a valuable consideration, he has no cause of action unless the release is vitiated by fraud in obtaining it.

2. Fraud—*Proof.*  To prove fraud in obtaining a release of a claim for personal injuries, the evidence must be clear, precise and indubitable. The burden of making this proof is on the plaintiff.

3. *Fraudulent Misrepresentations.*  A railroad company's physician who stated "as his opinion" plaintiff's injuries were not serious, was not guilty of false misrepresentations. If plaintiff was in fact suffering from internal injuries which the physician failed to discover, such failure might indicate negligence on his part.

4. Railroads—*Physician—Negligence.*  A railroad company is liable for the negligence or incompetence of a physician employed by it, only in case it appears that it knew or should have known of his unfitness.

*Error to the District Court of San Juan County, Hon. W. N. Searcy, Judge.*

Mr. E. N. Clark, Mr. J. G. McMurry, Mr. Frank L. Rose, for plaintiff in error.

Mr. Wm. A. Way, Mr. H. E. Curran, for defendant in error.

*En banc.*

Mr. Justice Teller delivered the opinion of the court.

THE defendant in error had judgment against the plaintiff in error in an action for damages for personal injuries.

The complaint alleged negligence on the part of defend-ant in several particulars, and serious injury to the plaintiff while being carried as a passenger by the defendant.

The answer denied negligence, and set up as a special defense the giving by plaintiff of a full release and settlement in consideration of the payment to her of four hundred and fifty dollars.

Plaintiff replied, admitting the making of the release, and the receipt of the money, but alleged:

"That she was induced to accept said amount by reason of the false and fraudulent representations made to her by defendant's said claim agent and by defendant's physician as to her condition and as to the nature and extent of her injuries."

It is further alleged that the statements and representations made by defendant's physician as to plaintiff's physical condition: "were false and untrue, were known by defendant's said physician to be false and untrue, and were made for the purpose and with the fraudulent intent to induce plaintiff to believe and rely upon the same, and to induce plaintiff to make said pretended settlement and release defendant from liability." The plaintiff was injured by the derailment of one of defendant's cars, and taken to a hospital in Durango, and there treated for seven weeks by physicians employed therefor by the defendant.

Unless the release—admitted to have been given—was vitiated by fraud in obtaining it, as charged in the replication, the plaintiff had no cause of action.

The plaintiff had the burden of proving the charge that the defendant's agents—the doctors and the claim adjuster—deliberately and consciously misrepresented to the plaintiff her physical condition, with intent to induce her to make the settlement, and that she was thereby induced to make it. To prove fraud the evidence "must be clear, pre-

cise and indubitable." *D. & R. G. R. R. Co. v. Sullivan*, 21 Colo. 302, 41 Pac. 501.

It cannot be said that such evidence was presented in this case. Plaintiff herself testified only that the physician who had entire charge of the case, after her first day in the hospital, and during her stay there, stated "as his opinion" that her injuries were not serious. She now complains that she was in fact suffering from internal injuries, but in at least two places in her brief it is said that defendant's physicians failed to discover such injury. Clearly, then, they were not and could not be guilty of fraudulent misrepresentation as to that injury. If they failed to discover it, that might indicate negligence on their part, but that is no part of the issue made by the pleadings.

If the physicians were negligent or incompetent, the defendant would be liable for the results of such negligence or incompetence only in case it appeared that the defendant knew or should have known of the physician's unfitness; and that, too, in a case where the pleadings presented that question. A physician's diagnosis is necessarily a matter of opinion, except in cases where the ailment is external and visible. There is in this record no evidence which even raises a suspicion that the statements made to plaintiff as to her condition were not made in perfect good faith. Neither of the physicians who attended her for the defendant was present at the settlement, nor did they at any time take part in the negotiations for it. The attempt to invalidate the contract of settlement wholly failed.

The evidence failing to justify the setting aside of the settlement, plaintiff had no cause of action, and the motion for a non-suit should have been sustained.

The judgment is reversed, and the cause remanded to the district court for further proceedings in harmony herewith.