No. 15,259.

HAYDEN ET AL. *v.* PERRY ET AL.
(134 P. [2d] 212)

Decided February 8, 1943.

Mr. GEORGE E. McCONLEY, Mr. FRANCIS L. SHALLEN-
BERGER, for plaintiffs in error.

Mr. J. V. REDMOND, Mr. DEON DREFKE, for defendants
in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THE action involved in this review was brought by
defendants in error, to whom we shall refer hereinafter
as plaintiffs, against plaintiffs in error, herein to be
called defendants, for the cancellation of a lease on cer-
tain hotel property situate in Sterling, and of a note and
chattel mortgage on the furnishings and fixtures of said
hotel, given by plaintiffs to the defendant Bieser to se-
cure the payment of the balance of the purchase price
due under a sale thereof to him by plaintiffs, and for
the return of the down payment of $1500 made by plain-
tiffs in connection with said transaction. The cause of
action for rescission was based upon the alleged fraud,
deceit and misrepresentations of defendant Hayden, as
agent for Bieser, said to have induced plaintiffs to pur-
chase such personal property and lease the hotel. Trial
was had to the court without the intervention of a jury.
The action was dismissed as to defendant RFC Mortgage
Company upon its disclaimer, and, in accordance with

findings made by the court, judgment was entered in favor of plaintiffs and against the remaining defendants for rescission and the return of the portion of the purchase price made.

Defendants Bieser and Hayden here seek a reversal of the judgment against them and as the basis therefor specify that the court misapprehended the defendants' evidence, as well as the weight of the whole thereof, and as a matter of law failed to consider the effect of the knowledge the plaintiffs had gained or could have obtained by their examination of the property and to charge plaintiffs therewith.

Inter alia, the misrepresentations alleged related to the past gross receipts of the hotel; the operating expenses thereof; the number of steady and regular roomers therein; the rates of rental paid by them; the age of the hotel furniture; the seasonal volume of business of the hotel; the reputation and standing of the hotel; and the past profits made by Hayden in her operation of the hotel property.

The evidence as to what was said concerning these matters was in conflict. In resolving the conflict the court found "that said representations, and each and all of them, so made by the said Cora M. Hayden to the plaintiffs, were false and known by her to be false" and that "plaintiffs believed" such representations "to be true and acted upon said representations." The evidence of the plaintiffs as to the alleged representations, as well as their falsity, if accepted as true, was legally sufficient to meet all of the prerequisites with respect to clarity and convincing effect required by the decisions in the cases of *Martinez v. Martinez,* 57 Colo. 292, 141 Pac. 469; *Denver & R. G. R. R. Co. v. Sullivan,* 21 Colo. 302, 41 Pac. 501; *Denver & R. G. R. R. Co. v. Ptolemy,* 69 Colo. 69, 169 Pac. 541, and other cases of such type cited by counsel for defendants. The findings of the court established the verity of this proof. This state of the record makes applicable and controlling the elementary rule

350

that a finding on conflicting evidence, when supported by competent proof, may not be disturbed by an appellate court.

As hereinabove indicated, defendants further contend that plaintiffs were not entitled to relief because they might readily have ascertained the truth with respect to the matters in controversy by ordinary care and attention in their examination and inspection of the property before the sale was consummated and thus must be charged with negligence in failing to do so. In support of this contention counsel for defendants principally rely upon the cases of *Bosick v. Youngblood*, 95 Colo. 532, 37 P. (2d) 1095; *Ramstetter v. MacGinnis*, 100 Colo. 494, 68 P. (2d) 454, and *Troutman v. Stiles*, 87 Colo. 597, 290 Pac. 281. These decisions are grounded upon the general principle well stated in 23 American Jurisprudence, page 962, section 155: "Under any standard of conduct, and in the absence of accompanying actual deception, artifice, or misconduct, it is well agreed that where the means of knowledge are at hand and are equally available to both parties, and the subject matter is equally open to their inspection, if one of them does not avail himself of those means and opportunities, he will not be heard to say that he was deceived by the other's misrepresentations."

In the case at bar plaintiffs, who at the time were nonresidents of Colorado and strangers in Sterling, in the course of a few hours' visit there shortly before the transaction was closed, made some inspection of the hotel premises in the company of defendant Hayden. Concerning the extent of this inspection the district court found that defendant Hayden showed plaintiffs only about one-half of the twenty-eight rooms of the hotel and informed them that they could not view the others because renters were present who might not be disturbed.

Considering the subject matter of the representations attributed to defendant Hayden, it is quite obvious,

with the possible exception of the one relating to the age of the furniture, that the truth of such might not be ascertained by an examination of the physical premises. Defendants suggest that the truth might have been obtained from the records of the hotel but according to plaintiff's testimony Hayden said to them "there was no books to be seen." At the time of this visit the hotel was being operated by a lessee. Plaintiff's evidence was to the effect that Hayden requested them not to talk to the lessee because "he was mad" over the fact that he would have to give possession if they purchased. By reason of this request plaintiffs said they refrained from asking to see the lessee's books or make inquiry from him as to matters of income and expense but as to such relied wholly upon the representations of defendant Hayden. Thus, in addition to the fact of the employment of actual deception by defendant Hayden, as found by the trial court, it cannot well be asserted that the means of knowledge were equally available to both parties or that the subject matter was equally open to their inspection. In these circumstances, as appears from the rule itself, the principle which defendants seek to invoke is unavailable to them. Contrarily, under the view of the evidence taken by the district court, the rule applicable is that where one party to a transaction induces the other party to enter it by willful misrepresentations, the representor cannot escape liability for his fraud by claiming that the representee could have investigated the representations made and would then have found that they were untrue. The latter rule is sanctioned by the weight of authority (23 Am. Jur., p. 960, §155) and has been expressly followed by this court in a number of cases, including *Zang v. Adams,* 23 Colo. 408, 48 Pac. 509; *Groves v. Chase,* 60 Colo. 155, 151 Pac. 913; *Clark v. Giacomini,* 85 Colo. 530, 277 Pac. 306; *Masser v. Foxworthy,* 86 Colo. 313, 281 Pac. 360; *Colorado Co. v. Beuchat,* 48 Colo. 494, 111 Pac. 61. See, also, *Morrow v. Bonebrake,* 84 Kan. 724, 115 Pac. 585.

In the light of the findings of the court on *all* of the evidence, the circumstance that a *fragment* thereof in the form of a recital in a memorandum agreement of the transaction, stated that: "The buyers have personally inspected and investigated the hotel herein contracted for to our satisfaction," does not preclude the relief granted.

The judgment is affirmed.

MR. JUSTICE BAKKE not participating.