Gary **MORTIMER**, Catherine L. Mortimer, Jayesh P. Patel, Bakula Patel, Dennis J. Perret, Clarice J. Perret, Deborah M. Klee, David J. Klee, and Howard P. Jones, Plaintiffs–Appellants and Cross–Appellees,

v.

**M.D.C./WOOD, INC.,** a Colorado corporation, formerly known as Wood Bros. Homes, Inc., Defendant–Appellee and Cross–Appellant.

No. 91CA0241.

Colorado Court of Appeals,
Div. III.

Sept. 24, 1992.

As Modified on Denial of Rehearing
Dec. 31, 1992.

Certiorari Granted July 12, 1993.

White & Pickard, Joe Pickard, Denver, Richard M. Huckeby, Lakewood, for plaintiffs-appellants and cross-appellees.

Holley, Albertson & Polk, P.C., Scott D. Albertson, Dennis B. Polk, Golden, for defendant-appellee and cross-appellant.

Opinion by Judge ROTHENBERG.

Plaintiffs, a group of homeowners who purchased their individual houses in a Jefferson County subdivision developed by the defendant, M.D.C./Wood, Inc., appeal from the equitable decree of the trial court that denied plaintiffs' request to rescind each of the sales transactions. Because we conclude that plaintiffs are entitled to rescission, we reverse and remand with directions to enter judgment for the plaintiffs, and we dismiss defendant's cross-appeal.

## I.

Plaintiffs' complaint sought rescission of their purchases of homes on the grounds of fraud.

Following a bench trial, the court found that defendant's salesman intentionally made false representations regarding the site selected by the State Highway Department for the future location of State Highway C–470 and the proximity of the highway to the homes for sale. The trial court also found that:

> the statements made by [the salesman] as to location of C–470, were false and known by [him] to be false; that they were uttered for the purpose of misleading plaintiffs as to the true location of the highway and inducing them, on the belief the highway would be located approximately a half mile from their properties, to purchase homes from the defendant; the plaintiffs relied upon such oral representations, purchased the properties in reliance thereon; their quality of life has been diminished....

Moreover, the trial court found that the salesman's representations "although false, were believable; there was nothing in what he said or did to suggest otherwise ... [A]nd were those the only representations made by defendant, plaintiffs would have had no cause, nor duty, to inquire further."

Despite these findings, however, the court concluded that the plaintiffs had no right to rely upon the intentionally false representations because, at the time the misrepresentations were made, the defendant's sales office had on display a large aerial photograph showing the *accurate* location of the future highway in relation to the subdivision within which plaintiffs purchased their homes.

In other words, the sole basis for the trial court's conclusion that plaintiffs had no right to rely upon defendant's misrepresentations was the existence of the aerial photograph displayed by the defendant. The trial court stated:

> The plaintiffs have established a prima facie case for rescission, based on defendant's fraud and should be entitled to the relief sought unless some defense asserted by defendant precludes recovery.... [T]he Court concludes, as a matter of law, that all [defenses] should be denied

except that defense of defendant's disclosure of the correct route of the highway and the duty of plaintiffs, *given the difference between [the defendant's] statements and the representation made by the aerial map* to make further inquiry. (emphasis added)

Based upon its examination of this aerial photograph, the trial court concluded that the highway's location was "highly visible" and "could not have been overlooked by anyone giving cursory attention to the map." The trial court ruled that plaintiffs were charged with knowledge of the facts displayed on this large aerial photograph and that, thus, they did not have the right to rely upon the salesman's false representations. Accordingly, the court entered judgment for the defendant.

## II.

■ In order to establish a fraud claim, a plaintiff must prove that a fraudulent misrepresentation of a material fact was made to plaintiff by the defendant, that plaintiff relied upon the misrepresentation, that the plaintiff had a right to rely upon the representation, and that plaintiff suffered damages as a result. *See Morrison v. Goodspeed,* 100 Colo. 470, 68 P.2d 458 (1937).

■ Generally, a person to whom a representation has been made is under no duty to conduct an independent investigation of the facts represented, but may rely upon the honesty of the person making the representation. *Hayden v. Perry,* 110 Colo. 347, 134 P.2d 212 (1943).

■ However, if in addition to the representation, the plaintiff has had access to other information which, if considered, would have led to the true state of facts, there is no right to rely upon the representation. *See Cherrington v. Woods,* 132 Colo. 500, 290 P.2d 226 (1955); *Sellar v. Clelland,* 2 Colo. 532 (1875). *See also Bassford v. Cook,* 152 Colo. 136, 380 P.2d 907 (1963).

■ No such right to rely exists if another person of the same or similar intelligence, education, or experience would not

have relied upon such representation. *See Zimmerman v. Loose,* 162 Colo. 80, 425 P.2d 803 (1967); *King v. Horizon Corp.,* 701 F.2d 1313 (10th Cir.1983) (applying Colorado law); *CJI–Civ.3d* 19:8 (1989).

The dispositive question before us is whether the trial court erred in concluding, as a matter of law, that a reasonable person, viewing the aerial photograph, would have been put on notice of a conflict between the information contained in the photograph and the representations made by the defendant's salesman.

■ In determining whether a right to rely exists, the court must consider the circumstances of each particular case on an ad hoc basis. *Zimmerman v. Loose, supra.*

Important factors which the court must consider are: (1) the business experience of the parties, *Fitzgerald v. Edelen,* 623 P.2d 418 (Colo.App.1980); (2) the opportunity of each party to investigate the facts; and (3) whether the parties stand on equal footing, or do not have equal means of knowledge. *Jasper v. Bicknell,* 62 Colo. 318, 162 P. 144 (1916).

■ Whether a person seeking rescission of a contract because of an alleged misrepresentation had a right to rely upon such misrepresentation is ordinarily a question of fact and, if supported by the evidence, a trial court's factual finding with respect to such question is binding on appeal. *Bassford v. Cook, supra.* However, when as here, credibility and demeanor are not involved but the facts are presented in the form of an aerial photograph which this court is able to review as well as the trial court, we may draw our own conclusions from the evidence. *Cf. Jelen & Son, Inc. v. Kaiser Steel Corp.,* 807 P.2d 1241 (Colo. App.1991); *Werner v. Baker,* 693 P.2d 385 (Colo.App.1984).

■ When these legal principles are applied to the circumstances here, it becomes obvious that these parties did not stand on equal footing or have an equal means of knowledge. The defendant is a large commercial developer experienced in business

**1310**

matters with considerably more knowledge about the area surrounding the subdivision than the plaintiffs who were home purchasers.

Nor do we agree that the aerial photograph is readily understandable to lay persons unfamiliar with aerial maps or photographs. Although the map is "of large size," and probably "could not have been overlooked," no scale is specified on the photograph, and it contains no readily ascertainable way of determining distances. Also it is difficult to determine direction because north, which is usually found at the top of a map is, in fact, to the left in the photograph, and west is at the bottom, rather than at its usual place to the left.

Finally, the aerial photograph does not contain prominent geographic features which would orient the average person. And, the average untrained person would not be able to discern exactly where the reference points used by the defendant's salesman were in relation to the proposed highway or to the subdivision.

In summary, we conclude there is no record support for the trial court's finding that the plaintiffs had a duty to inquire further solely because of the existence of the aerial photograph. The photograph does not convey information that would have caused reasonable persons to question the accuracy of defendant's representations. Hence, since the plaintiffs had the right to rely upon such representations, the trial court erred in denying plaintiffs' claim for rescission.

In view of this disposition, we need not address the defendant's contention on cross-appeal that the trial court erred in refusing to enter judgment against plaintiffs for the attorney fees expended by it in defending against plaintiffs' claims.

In addition, we have considered defendant's remaining contentions on cross-appeal and find them to be without merit.

The judgment is reversed, and the cause is remanded with directions to enter judgment in favor of the plaintiffs and to conduct an evidentiary hearing on the appropriate amount of restitution if, in the court's discretion, it determines such a hearing is necessary.

CRISWELL and RULAND, JJ., concur.