# SANDOVAL *v.* RANDOLPH.

## APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 4. . Submitted October 26, 1911.—Decided December 4, 1911..

A principal betrayed by his agent into paying for property an excess over the price for. which the agent obtains it may declare in assumpsit without relying upon fraud and deceit in an action for damages.

An agent who makes a secret profit in the execution of his agency may be compelled to disgorge in an action upon implied promise.

Where one agrees to act as agent to purchase property at not exceeding a specified price, he cannot avail of an unexpired option antedating the employment to purchase the property at a less price himself and make the difference.

An agreement to sell at a price paid with right of redemption within a specified period with further. agreement not to redeem if an additional sum be paid within that period simply amounts to an option.

11 Arizona, 371, affirmed.

THE facts are stated in the opinion.

*Mr. Henry S. Van Dyke* and *Mr. Frank P. Flint,* with whom *Mr. G. Bullard* was on the brief, for appellants.

*Mr. Eugene S. Ives* for appellee.

Memorandum opinion by direction of the court. · By MR. JUSTICE LURTON.

Action for money had and received for the use of the plaintiff. A jury was waived and. there was judgment for plaintiff upon a special finding of fact. This judgment was affirmed by the court below, the court holding that there was evidence supporting the findings of fact, and that when

that was the case the court could not go behind the facts so found.

The facts so found were in every essential respect the facts stated in the complaint. They were, in substance:

1. That the plaintiff procured the defendants to negotiate with the supposed owner of a silver mine in Mexico, and buy it from the owner for the lowest possible price for the plaintiff and another, who had since assigned his interest to the plaintiff.

2. That the defendants did thereafter bargain for the property and did buy the same at the price of twenty thousand dollars, Mexican silver, taking the title to one of them.

3. That the defendants represented that they had agreed to pay twenty thousand dollars in American money for the mine, and that the plaintiff, believing this to be true, paid over to the defendants the full sum of twenty thousand dollars in American currency, which was the equivalent of twice the sum which the defendants had actually agreed to pay and did later pay for the said property.

The action was in debt to recover this excess over the cost of the property, as money had and received for the use of the plaintiff.

It would be a great scandal if a principal thus betrayed by his agent might not declare in assumpsit without relying upon fraud and deceit in an action for damages. And so the court below held was the law, and that such was the action, notwithstanding the conduct of the Sandovals was characterized as deceitful and fraudulent.

Neither is it now contended that an agent who makes a secret profit in the execution of his agency may not be compelled to disgorge and required to do so in an action upon an implied promise.

Neither do the appellants now deny that there was abundant evidence to support the finding that they did

agree to act as the plaintiff's agents and to buy for him from the supposed owner the mine they did buy; nor do they now deny that they represented to the plaintiff that they had bought the property for him at the price averred, when in fact they had paid for same only one-half that price.

What they do say is, that as a matter of law there was no relation of principal and agent, since there was conclusive evidence that they were themselves the owners of the property at the time they agreed to act for the plaintiff in buying it. Upon this hypothesis it is said that there is no evidence to support a judgment grounded upon their liability for a breach of duty as agents, since one may not act as agent for the buyer in the sale of property of which he is himself the sole owner.

But the finding of fact was that the defendants, after agreeing to purchase in behalf of the plaintiff, "*and in pursuance of that agreement,* purchased the said mining property," etc. This finding is a flat contradiction of the claim that they were the owners when they agreed to represent the plaintiff in buying the property. We lay out of consideration, in the present situation of this case, all conflicting oral evidence relating to the agreement. There is left only what is said to be conclusive documentary evidence to support the claim. But that does not do so. It consists in a contract antedating the agency agreement, by which the real owners, Ortiz and two others, agreed to sell the mine in question to one of the Sandovals, in consideration, with right of redemption within six months, of one thousand and sixty pesos, Mexican, with the further agreement that they would not exercise the right of redemption if Sandoval should pay to them "the further consideration of the sum of twenty thousand Mexican pesos." This was nothing more than an option, of which Sandoval availed himself in time, and while executing his agreement of agency.

Every other suggestion of error hinges upon this alleged inability to act as agent, or upon points of procedure clearly foreclosed by the rulings of the Arizona courts.

*Judgment affirmed.*