No. 10,299.

WAY v. SMITH.

Decided May 7, 1923.   Rehearing denied June 4, 1923.

Proceeding involving the cancellation of a promissory note.   Cancellation denied.

*Affirmed.*

1. JUDGMENT—*Decree.*  A decree inconsistent with itself cannot stand.

   Findings in a decree against defendant on his cross-complaint asking for the cancellation of a promissory note given for a broker's commission, reviewed and held not inconsistent.

2. APPEAL AND ERROR—*Fact Findings.*  Fact findings of the trial court based on conflicting evidence, are binding on the reviewing court.

*Error to the District Court of Sedgwick County, Hon. H. E. Munson, Judge.*

Messrs. MORRISON & DESOTO, for plaintiff in error.

Messrs. ALLEN & WEBSTER, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE court below, in a decree involving several other matters, declined to cancel a certain note for $640, signed by Way, payable to Smith.  Way brings error on that point only.

The essential facts are these:  Way, of Nebraska, owned two eighty acre tracts in Sedgwick county, Colorado. Sprague, of Holyoke, Colorado, owned a section of land in the same county.  Each employed Smith, a real estate broker of Julesburg, to sell his land.  Smith negotiated a sale of the section to Way for $19,000, and the two eighties, which were mortgaged to obtain part of the $19,000, and

then transferred subject to the mortgages. He represented to Way that this was the price at which Sprague was selling and to Sprague that the price was $18,000 cash, which was Sprague's real price. This sum was paid to Sprague less $600 commission to Smith. Smith obtained from Way deeds to the two eighties, with the grantee in blank, filled in his own name and recorded them, but not till after Way and Sprague had discovered his fraud and had executed and recorded deeds of the eighties from Way to Sprague.

The transaction was delayed about three months during which Way negotiated a sale of the section to one Johnson. He took Johnson to Julesburg and Smith at Way's request drove them both to the land to examine it. The section was afterwards transferred to Johnson.

At or about the time of closing the deal between Way and Sprague the former gave Smith the note for $640, Way says for a commission on the transaction with Sprague; Smith says on the deal with Johnson.

Smith brought suit to quiet his title to the two eighties, Sprague answered charging fraud and claiming, inter alia, the return of the $600 commission. Way answered likewise demanding, among other things, the cancellation of the $640 note.

The court found that Sprague could not recover the $600 commission he paid Smith, because, before the deal was closed, he knew that Smith was getting a commission from Way in that transaction yet went on with it; but also found that the note could not be cancelled because it was given for a commission in the transaction with Johnson concerning which there was no fraud.

The decree, if inconsistent with itself, of course cannot stand. The plaintiff in error now claims that these findings are inconsistent, that Sprague's information was that the note was Smith's commission on the Way-Sprague transaction and that if that knowledge is held to preclude him from recovering his $600 the note cannot consistently be found to have been a commission on the sale to Johnson.

The flaw in this argument is that the court did not find that the note was a commission on the Sprague trade, but only that Sprague knew that Smith was "securing a commission from defendant Way" in that trade. That was true. He was. Way expected to pay Smith for his services in that matter and promised to. This was enough, had he not assented to it, to maintain Sprague's claim to recover the commission whether the note was on that account or not. It was Sprague's knowledge of, and assent to the *employment* of Smith by Way in the deal with Sprague that prevented his recovery of the $600 commission which he had paid, not his knowledge of, or assent to the fact that the note was payment for such employment. The latter fact was irrelevant, so far as Sprague's rights were concerned. The question of the propriety of the decision as to Sprague is not before us. It is enough for us to say that the fact that the $640 note was given in payment of the commission in the Johnson deal does not affect the validity of that decision and the two findings are not inconsistent.

It is urged that the finding that the note was given in the Johnson matter was against the weight of the evidence and against the documentary evidence. We think it is against the weight of the evidence but we cannot reverse the judgment on that ground and we find no documentary evidence showing unquestionably that the note was not so given, therefore the judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.