## No. 11,160.

## STOTTS *v.* CARNEY.

Decided December 28, 1925.

Action for conversion.   Judgment of nonsuit.

*Affirmed.*

1.   FRAUD—*Burden of Proof.*   The burden of proving fraud is on the party alleging it.

2.   NONSUIT—*When Proper.*   Where it is apparent upon the whole record that a verdict if returned for plaintiff could not be permitted to stand, a motion for nonsuit is properly sustained.

3.   APPEAL AND ERROR—*No Issue.*   Error assigned on matters not embraced in the issues raised by the pleadings, will not be considered on review.

*Error to the District Court of Jefferson County, Hon. Samuel W. Johnson, Judge.*

Mr. HALSTED L. RITTER, Mr. HENRY G. HOWLAND, for plaintiff in error.

Messrs. QUAINTANCE & QUAINTANCE, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action for damages for conversion resulting from an alleged wrongful foreclosure of two certain chattel mortgages. Plaintiff was nonsuited. Judgment was entered accordingly, and he brings the cause here for review.

On June 5, 1922, plaintiff gave a note in the sum of $150 to one Barker, and to secure the same, executed a chattel

mortgage upon three horses and some growing alfalfa. On June 23, 1922, plaintiff executed and delivered to defendant a promissory note in the sum of $570, and gave a chattel mortgage upon the three horses, mentioned in the first mortgage, and upon other chattels. Defendant purchased the Barker note and mortgage, and thereafter foreclosed both of the mortgages and bid in the property at the sale thereof.

While it is stated in the brief of plaintiff in error that the $570 mortgage was foreclosed before the note was due, the complaint is not based on that ground, nor upon any defect in the foreclosure proceedings. The plaintiff's cause of action under the complaint is based upon allegations to the effect that the $570 note and mortgage were obtained by fraud in that, it is alleged, defendant falsely represented to plaintiff that the latter was indebted to defendant "in a considerable sum of money" whereas in fact there was no indebtedness, and that, therefore, the note and mortgage were executed and delivered without consideration. Plaintiff also seeks the cancellation of such instruments.

All the assignments of error relate to the trial court's sustaining the motion for a nonsuit.

It was incumbent upon plaintiff below to prove that the $570 note was obtained by fraud, or given without consideration. In our endeavor to ascertain from the record what plaintiff testified as to that matter, we find that he had given defendant a fictitious mortgage for $2000 in order to mislead a third party, and he testifies that he gave the $570 note "to get out from under that" fictitious mortgage. He also says that defendant would not give any accounting for what had been paid by plaintiff. It is undisputed that plaintiff had been buying merchandise from defendant. As to how the new note came to be for $570, plaintiff testified: "That is what he told that I owed him." Defendant in his testimony explains quite explicitly how this amount came to be fixed. It included the sum of $264.45 remaining due on a note for $320 given by plaintiff to defendant on November 13, 1920. How much was due

from plaintiff to defendant is not material, under the circumstances. Plaintiff's proof as to fraud and want of consideration is not sufficient. Upon the whole record, it is apparent that a verdict for plaintiff could not have been sustained. Under such circumstances it was proper for the trial court to sustain a motion for a nonsuit. *Schwenke v. Union Depot & R. Co.*, 12 Colo. 341, 21 Pac. 43. As to the foreclosure being premature, the pleadings did not raise that issue. In view of the conclusion above announced, other questions need not be considered.

There is no error in the record. The judgment is affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.