## No. 11,252.

Goodstein, et al. *v.* Silver Plume Mines Co., et al.

Decided April 5, 1926.   Rehearing denied April 26, 1926.

Action by brokers for commission on sale of mining property.   Judgment of nonsuit.

### *Affirmed.*

1.  Nonsuit—*When Proper.* Upon a motion for nonsuit it is the duty of the court to grant it if there is not sufficient legal and competent evidence to justify a verdict or judgment for plaintiff.

2.  Actions—*Nature.* In an action for broker's commission, allegations of the complaint reviewed and held, that the alleged fraud constitutes the gravamen of the action, and that the cause of action is not one on contract.

3.  Appeal and Error—*Fraud—Sufficiency of Evidence.* In an action for broker's commission, evidence reviewed and held not sufficient to justify a jury in drawing an inference or conclusion that there was any fraud practiced to deprive plaintiffs of their commission.

4.  Contract—*Performance—Recovery.* Before plaintiffs are entitled to recover on a contract they must show either full performance, that it was rescinded or surrendered, or that full performance was made impossible by the unlawful acts of defendants.

5.  Actions—*Cause of Action—Splitting.* A party is not ordinarily entitled to split his cause of action by suing to recover a portion of his claim arising out of an entire indivisible contract, and thereafter to institute another action for the balance of the claim.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. PHILIP HORNBEIN, Mr. ANDREW WHITEHEAD, for plaintiffs in error.

Mr. B. F. REED, Mr. ROBERT W. STEELE, JR., for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS action by the plaintiffs Goldstein and Whitehead is one to recover from the The Silver Plume Mines Company, a corporation, and Cole, its president, the balance of a commission claimed to be due plaintiffs as brokers for negotiating a sale and transfer of the mining property of the defendant company. It seems that Cole was not served and did not appear and his individual rights were not determined. At the close of plaintiffs' evidence the defendants' motion for a nonsuit was granted and the action was dismissed, to review which is the object of this writ.

It is a recognized rule in this and other jurisdictions that in passing upon a motion for nonsuit it is the duty of the court to grant it if there is not sufficient legal and competent evidence to justify a verdict or judgment for the plaintiff. Otherwise expressed, if the trial court is convinced that, if the jury returned a verdict for plaintiff, it would be set aside for insufficiency of the evidence, it should take the case from the jury at the close of plaintiff's evidence, if the defendant requests it, or on its own initiative should nonsuit the plaintiff. Trial courts however should, and they usually do, act cautiously, and carefully scrutinize the evidence before exercising their

unquestioned power in such cases. The case as made by the complaint is that plaintiffs were employed by defendants to procure a purchaser for the mining property of defendant Silver Plume Company at the price of $150,000, or to make a lease and option or other satisfactory disposition thereof, in consideration whereof defendants agreed to pay plaintiffs 10 per cent of all the money received by defendants thereon. In pursuance of the employment plaintiffs procured a purchaser who was able and ready and willing to buy, and with whom a satisfactory disposition thereof could be and was made, in that the East Butte Copper Mining Company, so procured, entered into a lease and option agreement with the Silver Plume Mines Company and thereafter paid the sum of $38,000 thereon and the defendant company paid to the plaintiffs the proper proportionate amount of such sum received, as compensation for their services. Thereafter, while negotiations were pending for the acquisition of the property by defendant option holder, the Butte Company, the Silver Plume Mines Company, through connivance and collusion with the option holder, effected a transfer of the property by a transfer, made by the owner to the Butte Company of all of the capital stock of defendant Silver Plume Mines Company, accepting in payment therefor the balance of the purchase price as originally agreed upon, which arrangement was a ruse and subterfuge and adopted and intended for the purpose of defrauding plaintiffs of the balance due them as compensation for their services and for no other purpose. It is further alleged that this transfer and arrangement of transferring the stock instead of the title of the property, was brought about solely through the efforts and services of the plaintiffs, for which they claim a balance due of $5,600.

We have thus stated the substance of the allegations of the complaint chiefly because the plaintiffs strenuously insist, as contrary to the conclusion of the trial court,

that the cause of action in the complaint was one on contract and not on a fraud growing out of the contract. We think the trial court was right in saying that the frauds alleged constitute the gravamen of the action. It was proper for plaintiffs, as they did, to set out the contract as matter of inducement to the alleged fraud which arose out of the same, but the specific allegations of the complaint are that the transfer to the East Butte Company of the entire capital stock of the Silver Plume Company, made by the president thereof, the sole owner, save one or two qualifying shares for other directors, was a ruse and subterfuge by the parties and that these two corporations connived and colluded together for the purpose of defrauding plaintiffs out of the balance due them as compensation for their services. There could not well be a more precise statement of a fraud than that here made by the pleader. The distinction is important here because the plaintiffs, in order to recover, must establish the fraud which they pleaded. The answer specifically denies the alleged fraud and the other material allegations of the complaint upon which reliance is had. If, as the trial court held, there was no evidence at all from which a legitimate inference could be drawn that the fraud alleged was perpetrated the decision of the trial court was right. To determine this matter recourse must be had to the evidence.

The plaintiffs, in a separate or companion case to this had previously recovered a judgment against the defendants for the brokers' commission which they earned under this contract up to that time, based upon the total sum received by the Silver Plume Company owner. Upon the trial of the instant case the plaintiffs called only two witnesses: one, Mr. Crow; the other plaintiff Whitehead. The testimony that was elicited from Crow is merely to the effect that after the claimed surrender of the option by the Butte Company and its refusal to consummate the deal, the Butte Company for a short time, through its

agent, was still in possession of the property and doing some work upon the same. Whitehead, one of the plaintiffs, testifies that after the alleged surrender of the lease and option he had a conversation with Mr. Rohn, manager in charge for the Butte Company at the mine, in which Rohn said that he had a couple of men doing a little work on the property, although his company had given the matter up and surrendered the lease. In response to a question by Whitehead if the option had been abandoned for good, Rohn said that he would not say that, but there had got to be some changes, for he had had a lot of trouble with Mr. Cole, the president of the defendant mining company, and could not get along with him, and he would have no further negotiations with him. Rohn said that a good grade of ore had been developed in working the mine. Upon cross-examination of Whitehead it was developed that in a conversation with the attorney for the Silver Plume Mines Company he said to Whitehead that his company had taken over the property on the surrender of the lease and option by the Butte Company and Whitehead asked the attorney if that meant that the Butte Company had abandoned it and the answer was that if they went ahead with it, it would be under a reorganization, if anything further was done, to which Whitehead answered that he was glad to hear of it because that would give the brokers a chance for the balance of their commission, and the attorney replied that it would not as it would be so fixed that they would not get any more commission. Upon further cross-examination Whitehead admits that the attorney told him that the option deal was off, but Whitehead said that the attorney added that it would be a reorganization. There was testimony upon which some reliance is placed that Cole, the president of the company, as has been stated, owned practically all the capital stock and, therefore, in considering this motion for a nonsuit he must be considered as the company itself or, at least, that the rule to be applied here should be the same as if the de-

fendant company itself had made a transfer of the stock to the purchaser, the Butte Company. This is all the testimony which has any bearing whatever upon the claim that there was any proof of the alleged fraud.

The statements of the trial judge in granting the nonsuit so fully and clearly present his reasons for granting it that we substantially reproduce them as valid reasons for affirming the judgment. The judge said that the averments in the complaint are substantially that the transaction in question was a deal whereby the East Butte Company acquired the capital stock of the Silver Plume Mines Company instead of its property as the result of connivance and collusion, and that it was a mere ruse and subterfuge conceived and intended by the parties thereto for the purpose of defrauding the plaintiffs out of the balance due them as compensation for services as brokers in the sale. That from the evidence the Silver Plume Company employed plaintiffs to sell or cause to be sold or to make some satisfactory disposition of its mining property. The proof is not that the mining company transferred its property or that it ever received a dollar for it; that it is still the owner of the property and the deal that was made was not a sale of the mining property, but was merely a sale by the sole stockholder to the East Butte Company of the stock which he owned. Plaintiffs allege that this was not a bona fide transaction, but a subterfuge, the result of connivance and collusion and practically a conspiracy for the purpose in an indirect way of depriving the brokers of their fair commission. The trial judge said that if that averment was proper and necessary, as he found that it was and is, the mere allegation thereof is not sufficient, but there must be proof of it. The judge said that there was no evidence at all to justify a jury in drawing an inference or conclusion that there was any fraud and held, upon the uncontradicted evidence, that it was insufficient upon which a finding could be based that the transaction was colorable or a subterfuge or an indirect way of ac-

complishing a sale of the property and thus depriving the plaintiffs of their commission.

We have read all of the evidence as it is set forth in the transcript and must reach the same conclusion that the trial court did. We can discover no evidence whatever of the frauds alleged. The testimony of the plaintiffs' witnesses itself tends to show that there was a surrender of the option agreement by the East Butte Company; at least, that the option was never taken up or the property sold under this or any other agreement, or that any payment on the purchase price was made except the sum of $38,000 on the basis of which the plaintiffs recovered their brokers' fees in the former action. What amount of money was obtained for the capital stock is not disclosed by the evidence. Neither is there evidence that the Silver Plume Company received a dollar from the sale of stock. No one was secured by the plaintiffs as a purchaser that was willing to pay the purchase price agreed upon. Only an option was taken by the Butte Company which it refused to take up and perform. If the sale by the owner of the defendant's capital stock was a subterfuge or a ruse, or if there was collusion or connivance between him and the purchaser for the purpose of depriving plaintiffs of their commission, there is no proof of it in this record. Neither is there a word of evidence that the plaintiffs were in any degree instrumental in effecting the sale of the capital stock.

There is another reason for affirmance, or, perhaps, the same reason differently stated. The contract of employment as pleaded was an entire indivisible contract. Plaintiffs' compensation therefor was a certain fixed sum and as there was no time specified for its payment it would be due and payable when the contract was fully performed. Before plaintiffs are entitled to any recovery they must show either full performance of the contract, or that it was rescinded or surrendered or that full performance was made impossible by the unlawful acts of the defendants. *McGonigle v. Klein*, 6 Colo. App. 306, 40 Pac. 465. When plaintiffs brought the former

action against the defendants to recover their commission it must have been on the theory that the amount sued for was then due and payable. The complaint must have so alleged for if it was not then due, suit would not be maintainable. If it was then due it was so because the option holder had either performed the option agreement in its entirety, or it had been rescinded, or that there was a surrender of the option and no further payment thereon would be made. It could not be the first alternative; at least, plaintiffs may not now be heard to say so for in their complaint here they allege that after the former suit was ended the obligation of the defendants to pay further commissions accrued by reason of later complete performance through the sale of capital stock. There is no claim that there was a rescission. It must be, therefore, that the third alternative was the plaintiffs' theory; that is, that there was a surrender of the option and lease, the effect of which was to make the plaintiffs' claim for commission then due and payable. The inconsistency between the attitude of plaintiffs in these two actions is apparent. A party is not permitted thus to change position. If plaintiffs' first recovery was right, and they are estopped to deny it, they may not now in this action recover for, as already stated, there is no proof that defendants unlawfully prevented full performance. A party is not ordinarily entitled to split his cause of action by suing to recover a portion of his claim arising out of an entire indivisible contract, and thereafter to institute another action for the balance of the claim. Unless there is some provision of the contract that gives him such privilege, or unless some one or more of the contingencies as above stated are shown, he may not proceed by two separate actions as the plaintiffs have attempted to do here. 13 C. J. p. 561, sec. 525.

The judgment is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.