## SMOKELESS FUEL CO. v. WESTERN UNITED CORPORATION.

Circuit Court of Appeals, Fourth Circuit. June 3, 1927.

No. 2583.

1. **Principal and agent ⬌78(6)—Agent, claiming changed relation of buyer and seller, must establish it clearly and conclusively.**

The relation of principal and agent being once clearly established, an agent, claiming a change in relation to that of buyer and seller, must establish such change clearly and conclusively.

2. **Principal and agent ⬌78(4)—Coal handled by agent after refusal of offer to buy at fixed price will be presumed under existing arrangement.**

Where agent, under contract for sale of coal, had made several offers to buy coal at fixed price,

but offers were not accepted, and agent continued to handle some of coal, it will be presumed that coal was handled under existing arrangement.

**3. Contracts ⬤⟾247—Party, seeking to change or set up new contract, has burden of proof.**

Party, seeking to set up a new contract or to change an existing one, must carry burden of proof.

**4. Brokers ⬤⟾31—Agent, seeking to change contract of sale on commission to one of sale outright, must bring change clearly to attention of principal.**

An agent, seeking to·change an admitted contract of sale on commission to one of sale outright to agent at fixed price, has duty of bringing such change to attention of principal in such manner as to avoid all chance of misunderstanding.

**5. Brokers ⬤⟾28—Contract for sale on commission ordinarily carries with it right of inspecting agent's books relative to sales under contract.**

A contract of sale of property on commission basis by an agent, under ordinary circumstances and in absence of agreement to contrary, carries with it right of inspecting such books as agent may have kept dealing with sales made under contract.

**6. Principal and agent ⬤⟾69(2)—Agent must account for profits made by selling principal's property at greater price than represented.**

An agent may be compelled to account for profits made by selling his principal's property at a greater price than he represents to his principal he can sell it for.

**7. Brokers·⬤⟾28—Agent must account to principal for price of coal, less commission, where parties never clearly agreed to change relationship.**

Where parties dealing as principal and agent in sale of coal on commission never clearly agreed that relationship should be changed, agent must account to principal for price received for coal, less amount of commission fixed.

Appeal from the District Court of the United States for ·the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Suit by the Western United ·Corporation against Smokeless Fuel Company. Decree for complainant, and defendant appeals. Affirmed.

Henry S. Cato, of Charleston, W. Va., for appellant.

Berkeley Minor, Jr., of Charleston, W. Va. (Payne, Minor & Bouchelle, of Charleston, W. Va.; on the brief), for appellee.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge. In the court below the appellee was the sole complainant, and the appellant was the sole defendant, and each will be so designated here.

The complainant, an Illinois corporation, owned and operated certain mines in Logan county, W. Va., known as the Rex mines, and the defendant, a West Virginia corporation, was engaged in the business of selling coal on a commission basis, and of buying and selling coal, with an office in Charleston, W. Va. On the 31st day of March, 1923, an agreement was entered into between the complainant and defendant to the effect that the defendant was to sell the output of the Rex mines on a commission basis, the amount of the commission to be paid the defendant to be 7 per cent. The duration of the agreement was not fixed; the language of Everett, sales manager of the defendant company, being "until have further word from you."

It is undisputed that this selling arrangement on a commission basis continued until the 30th day of June 1923, at which time the defendant claims the relation changed from one of principal and agent to one of buyer and seller for a fixed price. The defendant continued to handle some of the output from the Rex mines until August 16, 1923. In August, 1923, the complainant sent an auditor to the office of the defendant at Charleston, W. Va., to inspect the account of the complainant on defendant's books. The defendant refused permission to inspect its books, claiming that complainant's account was kept along with others, and that to permit such inspection would improperly and harmfully ·disclose defendant's business.

On August 16, 1923, all business between complainant and defendant ceased, and in July, 1924, complainant brought this suit. In its answer filed herein the defendant admitted numerous mistakes made in statements ·rendered complainant between May 1 and June 30, 1923, 13 in all, involving more than 50 carloads of coal, all made in favor of the defendant, aggregating $981.68, and acknowledged owing complainant that sum. It is admitted that the defendant had a contract with a third party to furnish coal of the quality in dispute at $2.40 per ton, and that the coal from the Rex mines was used in filling that contract. Upon the hearing of the cause the complainant was decreed the sum of $4,285.08 against the defendant, and from that decree this appeal was taken.

[1] The relation of principal and agent being once clearly established, and in this case it is admitted, an agent claiming a change in that relation to that of buyer and seller must establish such changed relationship clearly and conclusively.

[2] It is true that Everett, sales manager of the defendant, made several offers to buy coal from the Rex mine at a fixed price, but in no instance were these offers accepted, and yet the defendant continued to handle some of the coal from the same mine. It is therefore to be presumed that this coal was handled under the existing arrangement. "An agent will not be permitted to become the purchaser, without the knowledge or consent of his principal, of property committed to him for sale." Robertson v. Chapman, 152 U. S. 673, 14 S. Ct. 741, 38 L. Ed. 592.

There is nothing in this record that proves conclusively that the complainant understood that the defendant was purchasing the coal, and while there is some correspondence that might tend to show that the sales manager of the defendant regarded the transactions after July 1, 1923, as sales by the complainant to the defendant, yet this fact is not established with that certainty that is essential.

[3, 4] Parties seeking to set up a new contract or change an existing one must carry the burden of proof, and an agent, once having accepted that role with his principal, with all the obligations such a relationship carries with it, owes to his principal the duty of full and complete disclosure concerning all details of the transaction. It is the duty of an agent, seeking to change an admitted contract of sale on a commission to one of sale outright to the agent at a fixed price, to bring such change to the attention of his principal in such a manner as to avoid all chance of misunderstanding. This the defendant did not do in this case.

[5] A contract of sale of property on a commission basis by an agent, under ordinary circumstances and in the absence of an agreement to the contrary, carries with it the right of inspecting such books as the agent may· have kept dealing with sales made under the contract. In this case the refusal of the defendant to permit such inspection or auditing coupled with the numerous mistakes admitted by the defendant, after suit, to have been made in complainant's account, do not tend to strengthen the defendant's contention.

The argument advanced on behalf of the defendant that the price of coal had fallen greatly in July and August, 1923, and that it is not reasonable to believe that the defendant would have used complainant's coal that defendant was selling on a commission basis to fill its advantageous contract with a third party, when the same quality of coal could have been purchased on the market at a much lower price, is entitled to consideration. It is not, however, of sufficient weight to over-come the principles, above discussed, that hold the defendant to a strict accounting to its principal, the complainant, after having once assumed the confidential relation of agent.

[6] It is well settled that " an agent may be compelled to account for profits made by selling his principal's property at a greater price than that which he represents to his principal he can sell it for." 2 Corpus Juris, p. 699; Kramer v. Winslow, 154 Pa. 637, 25 A. 766; Cutler v. Demmon, 111 Mass. 474; Schoellkopf v. Leonard, 8 Colo. 159, 6 P. 209; Blanchard v. Jones, 101 Ind. 542; Mulvane v. O'Brien, 58 Kan. 463, 49 P. 607; Barbar v. Martin, 67 Neb. 445; Hewitt v. Young, 82 Iowa, 224; Sandoval v. Randolph, 222 U. S. 161, 32 S. Ct. 48, 56 L. Ed. 142.

[7] In this case the defendant was, at the beginning of the transaction, the agent of the complainant to sell on a commission. It was never clearly agreed between the parties that this relationship should be changed, and the defendant must account to the complainant for the price received for the coal, less the commission fixed.

The decree of the District Court is affirmed.