## No. 11,738.

## KRUGER *v.* SMITH.

Decided October 3, 1927.

Action for damages for breach of promise of marriage. Judgment for defendant.

### *Affirmed.*

1. RELEASE—*Fraud—Proof.* Evidence of fraud which is necessary to set aside a release of a cause of action, is the same as that required in actions to set aside deeds to real estate.

2.      *Breach of Promise.* A release which is sweeping and general in its nature, held on its face to be a complete bar to an action for breach of promise of marriage.

3.      *Fraudulent Procurement—Evidence.* Where a defense to a release is fraudulent conduct in securing the same by the one released, proof of the fraud in its execution must be clear and convincing.

4. BREACH OF PROMISE OF MARRIAGE—*Release.* In an action for breach of promise of marriage where plaintiff alleged that a general release of her claims against defendant was secured by fraud, evidence of fraud held insufficient to go to the jury, and a directed verdict for defendant upheld.

5. CONTRACT—*Release—Failure to Read.* One who has full opportunity but fails to read a release which she signs, the relations between the parties not being confidential but antagonistic, may not thereafter complain that she did not know its nature and contents.

*Error to the District Court of El Paso County, Hon. Wilbur M. Alter, Judge.*

Messrs. ORR & McGARRY, Mr. Jos. R. LONG, JR., for plaintiff in error.

Mr. SAMUEL H. KINSLEY, Mr. LEON H. SNYDER, for defendant in error.

*Department Two.*

Mr. Justice Campbell delivered the opinion of the court.

The plaintiff, Mrs. Kruger, sued the defendant, Smith, to recover $25,000 as compensation for the loss she sustained as the result of an alleged breach by the defendant of his promise to marry her. The answer denies the averments of the complaint and as an affirmative defense pleads a written general release by the plaintiff under seal of all the present and future claims and demands whatsoever which she has or can or would or might have against the defendant. At the close of the plaintiff's evidence the defendant's motion for a nonsuit was denied. The defendant then produced his evidence and at its close the court, on defendant's motion therefor, directed a verdict for the defendant and rendered judgment thereon that plaintiff take nothing and that defendant recover his costs.

The motion for a directed verdict set up six grounds. In its decision upon it the trial court did not specifically indicate upon what particular ground or grounds its decision sustaining the motion was based. For that reason plaintiff has discussed all of them. In view of our conclusion, however, that the judgment is right and must be affirmed, five of the grounds are not passed upon because the general release which the plaintiff signed bars her recovery in this action irrespective of the other five grounds of the motion. In passing, however, it is proper to observe that the record sufficiently shows that the verdict for the defendant was directed because the trial court deemed the written instrument of release, which the plaintiff admitted she signed, includes the alleged breach of promise of marriage on which her action is based, and the force and effect of that release was not weakened or overcome by the evidence which the plaintiff produced in support of her amended replication in which she charges that her signature to the release was procured by the fraudulent representations of the defendant.

Assuming then for our present purpose, but not so deciding, that the other five grounds of the motion not considered by us are not well taken, we consider only the defense of the release. We do not understand that the plaintiff contends that this release is not on its face, and if it is not cancelled or destroyed, a full discharge of her cause of action for a breach of the marriage contract. Her position is, as we understand it, that the release was procured from her by the defendant by his fraudulent acts and conduct and therefore does not bar the action.

The second amended replication, which alleges fraud in securing the release, bears evidence that it was fashioned on what appears in the case of *Kilpatrick v. Miller,* 55 Colo. 419, 135 Pac. 780. It is a good pleading on its face. If it is sustained by ''clear and convincing evidence'' it destroys the release. A careful consideration of the evidence in this record which the plaintiff produced in its support, not considering the evidence of the defendant to the contrary, falls far short of the requirements of the rule in such cases. *Spitze v. B. & O. R. R. Co.,* 75 Md. 162, 23 Atl. 307, 32 Am. St. Rep. 378–384; *Alabama, etc., Ry. Co. v. Jones,* 73 Miss. 110, 55 Am. St. Rep. 488, 507, 508, 512, 513; *Fivey v. Penna. R. R. Co.,* 67 N. J. L. 627, 52 Atl. 472, 91 Am. St. Rep. 445–451; *D. & R. G. R. R. Co. v. Ptolemy,* 69 Colo. 69, 169 Pac. 541. The rule is the same as in actions to set aside deeds to real estate. *Mathews v. Mathews,* 69 Colo. 333, 194 Pac. 358. See also: *Guldager v. Rockwell,* 14 Colo. 459, 461, 464, 24 Pac. 556; *D. & R. G. R. R. Co. v. Sullivan,* 21 Colo. 302–309, 41 Pac. 501; *Harvey v. D. & R. G. R. R. Co.,* 44 Colo. 258, 99 Pac. 31; *Martinez v. Martinez,* 57 Colo. 292–299, 141 Pac. 469; *Butsch v. Smith,* 40 Colo. 64, 90 Pac. 61; *Enos v. Anderson,* 40 Colo. 395–399, 93 Pac. 475, 15 L. R. A. (N. S.) 1087; *Stotts v. Carney,* 78 Colo. 472, 242 Pac. 675.

As already stated the release on its face is a complete bar to this action. No particular injury or injuries are

mentioned therein. It is sweeping and general in its nature, as was a similar instrument in *Colorado Company v. Huntling,* 66 Colo. 515, 518, 181 Pac. 129. We held in that case, and the holding is just as applicable and pertinent in this case, where a defense to a release is fraudulent conduct in securing the same by the one released, proof of the fraud in its execution "must be clear and convincing." It was also said in that case that there must be some evidence before the jury which it would be entitled to consider as "clear and convincing" and that there was no such evidence there. We have read the transcript itself, not merely the printed abstract of it, and are satisfied that the evidence bearing on the alleged fraudulent conduct of the defendant in procuring the execution of the release is not only not "clear and convincing," but it is of such a character as that, if it had been submitted to the consideration of the jury, that body would not be entitled so to consider it.

The plaintiff testified, when this release was presented to her for her signature, that defendant told her she need not read it as it was a receipt for wages that she claimed he owed her in a sum which they had by a previous agreement fixed upon in settlement of a disputed claim of that character. The document which was thus presented to her is the identical document which defendant produced in evidence in this case. She could read writing. She says she never read the instrument as presented to her but relied upon the defendant's statement that it was a receipt for wages. She took the written instrument in her hand and looked at it and had full and abundant opportunity for reading it before she signed it. If she did not read it, it was her own negligence and folly that concealed from her its true nature. It lay upon a table in front of her before and after she signed it. Her signature thereto was attested by her brother-in-law, who was a witness at the trial and testified as to other matters in behalf of the plaintiff, but no question was asked him, to which our attention has been called, as to the

alleged fraudulent representations of the defendant. The plaintiff one or two years before had performed domestic service in the defendant's home. She had quit this service and there was a dispute between them about the amount of the wages that he still owed her. She claimed a balance of about $200 for wages due. In support of the main issue in the case she testified that the defendant had promised to marry her by a certain time and had several times repeated the promise, fixing the date of the last promise as prior to the execution of this release. Defendant failed to comply with these promises and she was displeased. Their relations then were not of friendship or in any way confidential. On the contrary they were antagonistic to each other, plaintiff accusing and defendant denying that he was trying to escape payment of wages due her. According to her own statement she had no faith in his statements about their differences on the wage question and it is not made to appear that these relations were different at the time the release was signed. He paid her $500 for signing this release, which included all demands she then had or might have thereafter upon him. She had threatened before this to bring a suit against him for breach of promise of marriage. There is no evidence that she had any demand against him except a balance due on wages and a claim of damages for this breach. Two hundred dollars was all she claimed as a balance due on wages and this excess of $300 which he paid her at the time of the signing of the release must have been intended to include something more than overdue wages. That of itself is a strong circumstance and tends to support the defendant's case. It is apparent from the testimony that she had full and fair opportunity for reading this release before she signed it. Her own testimony does not justify her failure to read it. If the case had gone to the jury that body would not have been entitled to consider the testimony as to the alleged frauds as such "clear and convincing" character as to justify the cancellation or destruction of this release or in any

wise weaken its legal effect. The trial court rightly held that plaintiff's testimony was insufficient to go to the jury on the alleged fraud and properly directed a verdict for the defendant. The Hunting case, supra, is full authority for the judgment below. It is affirmed.

MR. JUSTICE DENISON, sitting for MR. CHIEF JUSTICE BURKE, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.