## No. 13,976.

ELLIOTT *v.* PARR ET AL.

(66 P. [2d] 819)

Decided March 22, 1937.

Messrs. RINN & CONNELL, for plaintiff in error.

Mr. JACOB S. SCHEY, Mr. HERBERT M. BAKER, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS was an action for damages for $10,424 allegedly due for injuries caused by the faulty condition of a cream separator, based on an express warranty.

Plaintiff in error was plaintiff below and defendants in error were defendants below. They will be spoken of in this opinion as plaintiff and defendants.

The facts were substantially as follows: On March 13, 1934, the plaintiff, a farmer's wife, accompanied by a friend, called at the hardware store operated by one of the defendants, James Parr, in Longmont, and inquired of him whether or not he had a secondhand cream separator. In response, the defendant Parr showed her a secondhand DeLaval machine which he had on hand. There was considerable conversation about the machine, but the plaintiff told Parr that she would have to speak to her husband and father about it before buying it. That evening after she had returned home and talked to her husband and father about it she got in touch with Parr by telephone and told him to bring the machine out the next morning, which he did.

Defendant Parr set the machine up in the basement of the plaintiff's home and demonstrated it to the plaintiff and her husband. They agreed to take the machine and paid for it at that time. About a week later, on the evening of March 20th, the plaintiff's husband was operating the machine, separating the cream from the evening's supply of milk. While he was so engaged the plaintiff came down the steps into the basement and had just reached the basement floor when all of a sudden the separator bowl was violently ejected from its container. It flew toward the plaintiff, striking her left leg and

breaking it, as a consequence of which she was confined in the hospital for several weeks. Later she was forced to go around on crutches for some time and was made halt apparently for the rest of her life.

Plaintiff testified that on the afternoon of March 13th when she was talking to defendant Parr in the store that he had expressly warranted this machine as being in A1 condition, that all worn parts had been replaced by new parts and that it was safe to operate, but admitted that he told her that if she was not satisfied with the machine she could bring it back and he would refund her money to her. She also admitted that the machine was taken back in a day or so after the accident and that the money was refunded to her husband on March 21st, 1934.

No other demand of any kind was made upon the defendants until November 27, 1934, and this action was not filed until October 14, 1935. After issues joined the trial was held, at the close of which the defendants moved for a nonsuit, which was granted. The case is before this court on a writ of error based on a general assignment to the effect that the lower court acted without authority in refusing to let the case go to the jury.

■ The status of the parties in this case was not established by what conversation took place in the store in Longmont on the afternoon of March 13th, but rather what was said and done at the plaintiff's home on the morning of March 14th, when the machine was actually installed. The plaintiff and her husband were both present at that time, saw the machine assembled and operated and satisfactorily doing what it was sold to do, and at which time they bought and paid for it.

As to the alleged warranty of safety, neither the plaintiff, nor her friend, Mrs. Johnson, volunteered the information that Parr had said the machine was safe, but answered affirmatively to a leading question calling for that testimony. While this was not objected to, it does indicate that this alleged warranty was not clear and unequivocal.

Plaintiff, for the purpose of her theory, seeks to establish as the causal relationship of the accident, the worn condition of the threads on the bowl spindle. When the nut to secure the spindle was firmly attached it kept the bowl in its chamber. Plaintiff urges that because of the worn threads on the spindle and the consequent falling off of the nut, the bowl rotating at a high rate of speed, was, by the very force of that speed, ejected, resulting in the injury complained of.

The evidence is undisputed that the plaintiff knew about the worn condition of the threads, because she admitted having washed the parts of the separator the twelve times that it was used, from the morning of March 14th, up until the time of the accident on March 20th, and had never complained to defendants about it. She also testified that her husband had assembled and operated the machine during the time that it was used. It strikes us as significant that the husband who had assembled the machine on the evening of the accident was not called on to testify and explain what he knew about the condition of the threads and the nut at that time, or whether he fastened the nut securely, or put it on at all, or why the machine was not fastened to the floor.

Assuming that the plaintiff's theory of causal relationship was established at the time the purchase was made, i. e., on the morning of March 14th, that causation was interrupted by the operation of the machine by the plaintiff and her husband. They must have known of the alleged worn condition of the threads and the nut during the continued use of the machine up until the happening of the accident, and they continued to operate it without fastening it to the floor.

This court has already held that there is no implied warranty of secondhand machinery. *Moore v. Switzer,* 78 Colo. 63, 239 Pac. 874; 24 R. C. L., p. 170, §444; 55 C. J., p. 774, §740. Therefore, the burden was upon the plaintiff to show an express warranty. We think she failed in that regard. The contract here was

one of trial and approval, which is distinguished from a contract of express warranty. 55 C. J. 659, 660. Mere statements of opinion such as puffing or praise of goods by seller is no warranty. 55 C. J. 690. The Uniform Sales Act provides that no statement purporting to be a statement of seller's opinion shall be construed as a warranty. 55 C. J. 694.

Even if the words of defendant Parr constituted an express warranty, we would still be inclined to uphold the judgment of the trial court, for the reason that the damages sought in this case are too remote. "Remote damages are such as are the result of accident or an unusual combination of circumstances which could not reasonably be anticipated, and over which the party sought to be charged had no control." 17 C. J. 715.

We have read all of the cases which could possibly support the plaintiff's contentions, and nowhere have we found any in which the courts have gone to the extent which we are asked to go in this case. The unfortunate injury which resulted to the plaintiff cannot in any reasonable way be attributed to any violation of duty which the defendants owed to her.

A nonsuit may be a judgment upon the merits and may be peremptorily ordered for a failure or insufficiency of the evidence. 18 C. J. 1147. *Goodstein v. Silver Plume Mines Co.*, 79 Colo. 269, 245 Pac. 714.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.