Opinion by
Mr. Justice Hodges.
Plaintiffs in error, who were plaintiffs below and *565 will hereafter be so designated, have sued out writs of error from judgments of dismissal in these two consolidated cases. This litigation arises out of a dispute concerning the building of a house and centers about plaintiffs’ note which they executed to the builder in partial payment for the house and lot.
The court is confronted with a record which is confused and unsatisfactory in many respects. The proceedings in the trial court deprived all parties of an orderly litigation of their respective claims, and the responsibility therefor is not to be borne by the trial judge alone, but by counsel as well. Also, the briefs are inadequate in delineating and arguing the issues involved. We have minutely studied this record consisting of 2,151 folios and have made a disposition only on those questions which we deem meritorious, and which affect the substantial rights of the litigants.
The substantive facts out of which this controversy arose appear to be as follows: In January 1961, plaintiffs entered into a contract with defendant Clouse for him to build plaintiffs a house in Applewood Village Subdivision, according to certain project plans. The contract was prepared on behalf of plaintiffs by the same attorney who has represented them throughout the instant litigation. The total contract price was $23,000, including cost of lot, house, shrubbery and carpeting. Plaintiffs secured a construction loan of $18,400 from defendant Columbine Mortgage Co., and plaintiffs’ attorney was with them when they negotiated this loan. As required by the contract, plaintiffs executed and delivered, without restriction, their promissory note for $2,600 payable to the order of defendant Clouse and secured by a trust deed on the lot, as a partial payment on the house.
On June 6, 1961, defendant Clouse discounted plaintiffs’ note for cash to one Rand and to defendant Martin, who was then an officer of defendant Columbine Mortgage Co., and Clouse endorsed the note and assigned the deed of trust to them.
*566 In the meantime, plaintiffs and defendant Clouse were having disputes about construction of the house, as evidenced by 60 separate documents comprising agreements, change orders, and selection orders, including many with multiple items, which are exhibits in the record. On June 21, 1961, plaintiffs, by their attorney, sent written notice to defendant Clouse that they had discharged him. Another builder was obtained and the house was completed.
In July of 1961, Rand and defendant Martin endorsed plaintiffs’ note over to defendant Eileen Gregory, a school teacher in California, who paid $2,617 for the note, on the basis of defendant Martin’s letter to her that it was a good investment. Defendant Martin was an old friend of defendant Gregory, having previously handled other investments for her. He sent her copies of the note and deed of trust, but held the originals so as to record the deed of trust after the permanent loan was secured and to see that the note was paid when due.
The house having been completed, plaintiffs applied for a permanent loan from the Golden Savings and Loan Association, but this loan was delayed because plaintiffs disputed disbursements which had been made from the construction loan for carpeting, shrubbery, and the lot. With defendant Clouse’s consent, defendant Columbine paid the balance of $337 in the construction loan account to plaintiffs, which sum was otherwise payable to Clouse. In addition, Columbine paid plaintiffs $1,000 for “settlement as per agreement” of their construction loan.
On February 17, 1962, defendant Martin wrote to plaintiffs reminding them that their note was due on February 20th, and requesting them to make their check payable to Eileen Gregory, who “purchased this note as a holder in due course.” Plaintiffs did not pay the note, which is the one involved in this lawsuit.
Thereafter, protracted and involved proceedings ensued. On February 28, 1962, plaintiffs filed Action No. *567 16890, which states four claims: (1) Claim against defendant Clouse for breach of contract with alleged damages of $7,500; (2) Chaim against all defendants for cancellation of note and deed of trust, or, injunction against their enforcement on ground that they are void for lack of consideration; (3) Claim against all defendants that they conspired to defraud plaintiffs of $2,600; and, (4) Claim against defendant Columbine Mortgage for $2,781.81, claimed as balance due, after the $1,000 payment, for allegedly unauthorized disbursements from the construction loan account. A temporary injunction was issued restraining defendant Gregory and the public trustee from enforcing, foreclosing, transferring or assigning the deed of trust.
Responsive pleadings were filed by all defendants; defendants Columbine and Gregory affirmatively pleaded accord and satisfaction and holder in due course, respectively; and, defendant public trustee filed a disclaimer. In addition, various counterclaims and cross claims were filed, but these were all dismissed either at the pretrial or by stipulation before trial, with the exception of defendant Gregory’s counterclaim and cross-claims for judgment on the promissory note and deed of trust.
Action No. 16890 was tried to a jury. After 4% days of trial, plaintiffs rested their case, and the defendants each moved for either dismissal or directed verdict. The court treated all as motions to dismiss, and at the close of plaintiffs’ evidence ordered dismissal of the complaint and all of the counterclaims, including defendant Gregory’s counterclaim for the unpaid note. However, the formal entry of the judgment on September 28, 1964 ordered dismissal of the complaint only, without mention of the Gregory counterclaim. On November 18, 1964, the trial court, by a nunc pro tunc order, amended the judgment to include dismissal of all counterclaims. And on December 18, 1964, after consolidation of cases, the judgment was again amended to decree dismissal *568 of the complaint and of all counterclaims with prejudice, except for defendant Gregory’s counterclaim, which was overruled on November 23, 1964.
Between entry of the original judgment on September 28, 1964 and the second amended judgment on December 18, 1964, there were numerous post-trial proceedings. Plaintiffs filed a motion for mistrial, motion for judgment of dismissal of defendant Gregory’s counterclaim, motion for new trial, and two amended motions for new trial. Plaintiffs’ motion for new trial, as finally amended, was overruled on November 23, 1964.
On November 27, 1964, plaintiffs filed Action No. 22296 (before another trial judge) against defendant Gregory and the public trustee and secured a temporary injunction against foreclosure of the deed of trust given by plaintiffs to secure defendant Gregory’s note. Thereupon, defendant Gregory’s counsel moved for consolidation of Cases No. 16890 and 22296 and amendment of the nunc pro tunc judgment to dismiss Gregory’s counterclaim without prejudice in Case No. 16890, or alternatively, motion was made for a new trial. These motions were timely filed within ten days of the entry of the nunc pro tunc judgment of November 18, 1964. The trial judge granted the motions to consolidate and to amend the judgment to dismiss Gregory’s counterclaim without prejudice as heretofore mentioned.
Plaintiffs’ counsel has alleged fourteen prejudicial errors upon this review, only four of which merit our attention.
 First, we find that the trial court erred in dismissing the complaint as to defendant Clouse at the close of plaintiffs’ case. There was sufficient evidence to warrant submission of the issue of Clouse’s alleged breach of contract and damages to the jury. Although the evidence of the breach and damages was not substantial, even considering the evidence in the light most favorable to plaintiffs, nonetheless, the minds of reasonable men might have drawn different inferences there *569 from, and hence, the issue was within the jury’s province to decide.
Second, we affirm the trial court’s dismissal of the claims against defendants Gregory, Martin and Columbine Mortgage Company, which are the 2nd, 3rd and 4th claims of the complaint. As to the 2nd and 4th claims, plaintiffs’ evidence in addition to being deficient in proving these claims, tends to establish defendant Gregory’s status as a holder in due course and an accord and satisfaction in favor of defendant Columbine, respectively. A contrary verdict could not have been supported, and, hence, the trial court properly dismissed these claims. McSpadden v. Minick, 159 Colo. 556, 413 P.2d 463; Nelson v. Centennial Casualty Co., 130 Colo. 66, 273 P.2d 121; Roessler v. O’Brien, 119 Colo. 222, 201 P.2d 901.
The 3rd claim is based upon an alleged conspiracy to defraud, and a greater weight of evidence is required to warrant submission of this issue to the jury. The governing rule is stated in Wallick v. Eaton, 110 Colo. 358, 363, 134 P.2d 727, 729:
“The evidence of fraud must be clear, precise, and indubitable; otherwise it should be withdrawn from the jury, and where it is insufficient it is the duty of the court to grant a motion for nonsuit, or a directed verdict. Denver & Rio Grande Railroad Co. v. Sullivan, 21 Colo. 302, 41 Pac. 501; Goodstein v. Silver Plume Mines Co., 79 Colo. 269, 245 Pac. 714; Kruger v. Smith, 82 Colo. 380, 260 Pac. 97; Haefeli v. Ahlstrand, 101 Colo. 296, 73 P. (2d) 1378.”
We have carefully reviewed the record in this respect and find that plaintiffs’ evidence of fraud is far short of being “clear, precise and indubitable.” The 3rd claim required dismissal as a matter of law.
 Third, we affirm the trial court’s dismissal with prejudice of plaintiffs’ second suit (No. 22296) against defendant Gregory. It is obvious that the facts alleged and the remedies requested in the amended complaint in *570 Case No. 22296 are the same as those requested, in Case No. 16890, and therefore, res judicata applies. In both actions, there are involved the same parties and the same issues arising out of the same transactions. The final judgment of dismissal in Case No. 16890 after an adjudication on the merits constitutes res judicata. Graham v. District Court, 137 Colo. 233, 323 P.2d 635.
Fourth, we disapprove of the court’s dismissal without prejudice of defendant Gregory’s counterclaim. One of the basic principles underlying the Colorado Rules of Civil Procedure is that all controversies and claims involving the same parties to the same transactions shall be disposed of in a single lawsuit, and shall not be subjected to piecemeal litigation. Nevertheless, in this particular case, we do not deem that the court’s action, undesirable as it may be procedurally, constitutes reversible error. To hold otherwise, under the record in this case, would be unjustly to deprive defendant Gregory of the substantive right to litigate her claim on the promissory note and deed of trust.
The judgment entered December 18, 1964 in Case No. 16890 is reversed as to defendant Clouse and affirmed as to all other defendants. The judgment entered February 18, 1965 in Case No. 22296 is affirmed.
The case is hereby remanded for further proceedings in consonance with the views expressed herein.
Mr. Chief Justice Moore, Mr. Justice Pringle and Mr. Justice Kelley concur.